Trumbull, J. This was an action of debt upon a promissory note. All the questions in the case, arise out of the proceedings upon a plea of tender. The plaintiffs in the Circuit Court after filing a replication to the plea, to which the defendants demurred, asked and obtained leave to withdraw their replication, and obtained a rule upon the defendants to pay the money into Court as alleged in their plea. The defendants refused to comply with the order, whereupon, the Court disregarding the plea, entered judgment against the defendants. In all this there was no error. It was clearly within the discretion of the Circuit Court to allow the plaintiffs to withdraw their replication, and enter their motion for a rule upon the defendants to pay the money into Court. When they refused to comply, it would be strange indeed, if they could still have the benefit of their plea of ten■der. To make a tender good, the party must at all times have the money ready, so that the creditor may at any moment receive it, and stop the litigation. To allow a party to defeat a recovery upon the ground that he had tendered and was then ready to pay the demand against him, when at the same time he refused to pay over the money when requested, would he trifling with the rights of the creditor. The question whether the money was ready in Court, as stated on the plea was not a question of fact, to be determined by the jury, but a question to be determined on inspection by the Court. When the Court saw that the money was not present and the defendants refused to produce it, it was manifestly right and proper for the Court, either to strike the plea from the files or disregard it altogether. Judgment affirmed at the cost of the plaintiffs in error. Judgment affirmed.