THE WESTERN MANUFACTURERS' MUTUAL INSURANCE COMPANY

*v.*

WILLIS L. BOUGHTON.

*Filed at Ottawa January 22, 1891.*

1. IMPEACHMENT OF WITNESS—*contradictory statements.* In an action by a book-keeper and cashier to recover damages for a wrongful discharge from the service of his employer, the defendant's chief clerk testified, in defendant's behalf, that plaintiff, during his service, was absent at various times during business hours, sometimes being away nearly half a day, and was frequently late in the morning, and frequently away when needed, etc. On cross-examination, the witness identified a letter of recommendation, written by him after plaintiff's discharge, contradictory of his testimony : *Held,* that such letter was clearly admissible, as tending to impeach the testimony of the witness.

2. CONTRACT OF SERVICE—*action for wrongful discharge—evidence.* In a suit by an employe against his employer for a wrongful discharge, evidence of facts tending to show the plaintiff is not entitled to compensation for extra services will not affect his right to recover damages for the wrongful discharge before the expiration of the term of his employment.

3. INSTRUCTION—*construed—whether assuming a fact.* In an action by a book-keeper for damages on account of his wrongful discharge by his employer before the term of his employment had expired, and for pay for extra services during the time he served, the court instructed the jury, that if payments had been made to plaintiff for his services at the end of each month, "during the term of his employment," without demand of compensation for extra services performed by him during

such month, such payment was a settlement in full up to and prior to the dates of payments, and the plaintiff could not recover for extra services: *Held,* that the words, "during the term of his employment," could not be regarded as an assumption that the plaintiff, when discharged, was serving under an employment for a definite term, that fact being submitted by another instruction.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. MYRON H. BEACH, for the appellant.

Mr. ERNEST DALE OWEN, and Mr. SETH F. CREWS, for the appellee.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action of assumpsit, brought by Willis L. Boughton against the Western Manufacturers' Mutual Insurance Company, to recover damages for the wrongful discharge of the plaintiff from the service of the defendant during the term for which he was employed and for certain extra services previously performed for which he claims he has not been paid. The defendant pleaded *non assumpsit,* and also a special plea alleging certain misconduct on the part of the plaintiff and that by reason of such misconduct he was rightfully discharged. Issues being duly joined on said pleas, a trial was had before the court and a jury, resulting in verdict finding the issues for the plaintiff and assessing his damages at $1060, and for that sum and costs the court, after denying the defendant's motion for a new trial, gave judgment in favor of the plaintiff. Said judgment was afterward affirmed by the Appellate Court on appeal, and said judgment of affirmance is now brought here for review.

The plaintiff appears to have been discharged from the employment of the defendant on the 31st day of March, 1888, and the contested questions of fact were, on the one hand,

whether he was then serving the defendant under a contract
of employment for the term of one year from February 1, 1888,
at a salary of $1500 per year, and whether he had rendered
extra services for which he had not been paid, and, on the
other hand, whether he had been guilty of misconduct which
was sufficient to justify his discharge.    The jury having re-
solved these questions in favor of the plaintiff, and the judg-
ment rendered on their verdict having been affirmed by the
Appellate Court, said questions are no longer open for discus-
sion, but must be deemed to be conclusively settled in favor
of the plaintiff.

It is claimed that the court erred in permitting the plaintiff
to read in evidence the following letter:

"CHICAGO, *Aug. 22, 1888.*

"*To whom it may concern:*

"Mr. W. L. Boughton was in the employ of this company,
and I can bear testimony to his promptness and efficiency in
his duties as book-keeper and cashier.      GEO. D. FARR."

Farr, the writer of said letter, had been in the defendant's
employ since July, 1887, and became its chief clerk in May,
1888, and held that position at the time said letter was written.
Being called as a witness on behalf of the defendant, he testi-
fied, in chief, that the plaintiff, while in the defendant's em-
ploy as book-keeper and cashier, was absent at various times
during business hours, sometimes being away nearly half of a
day at a time, and was frequently late in the morning, and
that when his presence in the office was very much needed, he
was frequently away on his own business and could not be
found.    Said letter was then produced and shown to the wit-
ness on cross-examination, and he admitted that it was in his
handwriting, and at the close of the defendant's evidence said
letter was read in evidence by counsel for the plaintiff, against
the objection and exception of the defendant.    If the letter
was admissible on no other ground, it was clearly admissible

as evidence tending to impeach Farr's testimony, as it was directly in conflict with what he had testified to on his direct examination.

Complaint is made of the refusal of the court to give the defendant's fourth instruction as asked and in modifying it and giving it to the jury as modified. The following, omitting the words in brackets, is the instruction as given, the modifications consisting of striking out the words in brackets and inserting those in *italics:*

"The jury are instructed, if you believe, from the evidence, that payment was made to the plaintiff for his services at the end of each month *during the term of his employment,* and a receipt or voucher taken therefor, and that there was no demand made by him for compensation *for extra services performed by him* during such month, or prior thereto, such payments and the receipt and voucher therefor by the plaintiff is to be considered as a settlement and payment in full of and for all demands by the plaintiff up to and prior to the date of such payment, and if you so believe and find, [your verdict must be for the defendant.] *the plaintiff can not recover under the allegations claiming payment for extra services.*"

It is very clear that this instruction as drawn was erroneous. It was intended doubtless to apply to that portion of the plaintiff's demand which related to extra services which he had rendered and for which he had not been compensated. The evidence tends to show that he was originally employed by the defendant February 1, 1883, and that he served that year for a salary of $1400, and that at the commencement of the following year his salary was raised to $1500, and that from that time up to the time of his discharge, he served the defendant for the annual salary last mentioned. Now it is clear that whatever may have been the situation of his claim for extra compensation for past services, his right to damages for being wrongfully discharged before the expiration of the current year was in no way affected. Even then if the jury found the

hypothesis of the instruction sustained by the evidence, it would not follow that their verdict should be for the defendant, the only proper result of such finding being, that nothing should be allowed to the plaintiff on account of his claim for extra services.

The only ground, however, upon which the defendant complains of said modifications is that the insertion of the words, "during the term of his employment," was an assumption by the court that the plaintiff, at the time he was discharged, was serving the defendant by virtue of an employment for a definite term, viz, one year. · We are of the opinion that the instruction is not subject to that criticism. In another instruction the question whether the plaintiff had been employed by the defendant for the year commencing February 1, 1888, was distinctly submitted to the jury as a question of fact, and it is difficult to see how they could have been misled into supposing that the court intended to assume such employment as proved.

Furthermore, the subject matter of the instruction was the extra services claimed to have been rendered by the plaintiff during the whole period of his service, that is to say during the preceding five years, and the legal bearing upon his claim in that behalf of monthly settlements followed by the giving of receipts and vouchers, without any claim being made for such services. It is clear then that the words, "term of his employment," as used in the instruction, were intended, and must have been understood by the jury, to refer to the whole term or period of service during which such monthly settlements were had and such receipts and vouchers given. This is the clear purport of said words, and it is impossible to believe that the jury could have understood them as assuming that the plaintiff, at the time he was discharged, was serving under an existing contract for a year.

We see no ground for disturbing the judgment of the Appellate Court, and it will therefore be affirmed.

*Judgment affirmed.*