MATHEW W. BERRIMAN *et al.*

*v.*

WILLIAM MARVIN.

*Filed at Ottawa March 28, 1896—Rehearing denied October 9, 1896.*

APPEALS AND ERRORS—*court of review cannot consider question not presented to trial court.*   The Supreme Court cannot review the question whether there was any evidence fairly tending to prove the plaintiff's cause of action, unless it was presented to the trial court by demurrer to the evidence, motion to take the case from the jury, or instruction to the jury to find for the defendant.

*Berriman* v. *Marvin*, 59 Ill. App. 440, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

LEROY D. THOMAN, for appellants.

O'DONNELL & COGHLAN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action in assumpsit by William Marvin, appellee, against Mathew W. Berriman and others, appellants, to recover a balance alleged to be due him for a year's salary as salesman. His claim is that he was employed for one year but before the expiration of that time was wrongfully discharged, and therefore entitled to the balance of a year's salary, less what he earned at other employment during the remainder of the year. He recovered a judgment below, and that judgment was affirmed by the Appellate Court for the First District.

Appellants insist that there is no evidence whatever to support the claim that appellee was wrongfully discharged, and therefore the judgments of the trial and Appellate Courts should be reversed. All the questions of fact in the case have been conclusively settled by the decision of the Appellate Court, and only questions of law remain to be determined here. While all errors of law can be assigned in this court, they can only be urged as grounds of reversal when properly raised in the court below. Whether or not there was any evidence introduced on the trial fairly tending to prove the plaintiff's cause of action is a question of law, and it is well settled that we cannot be asked to review the facts presented in the record and pass upon that question unless it was presented to the trial court by a demurrer to the evidence, a motion to take the case from the jury, or an instruction to the jury to find for the defendant. (*Chicago and Alton Railroad Co.* v. *Gomes*, 153 Ill. 209; *Railway Co.* v. *Velie*, 140 id. 59; *Cothran* v. *Ellis*, 125 id. 496, and cases there cited.) Upon looking into this record we find that this question was raised in no way in the trial court.

No errors of law being properly presented for our consideration, the judgment of the Appellate Court must be affirmed.                                    *Judgment affirmed.*