THE CALUMET ELECTRIC STREET RAILWAY COMPANY

*v.*

NETTIE E. VANPELT, Admx.

*Opinion filed April 21, 1898—Rehearing denied June 8, 1898.*

1. TRIAL—*peremptory instruction asked as one of a series is properly refused.* An instruction directing a verdict for one party is properly refused when asked as one of a series of instructions for the same party which submit the case to the jury on the facts.

2. APPEALS AND ERRORS—*refusal of peremptory instruction asked in a series presents no question of law.* The refusal of a peremptory instruction, asked as one of a series for the same party, submitting

the case for the consideration of the jury on the facts, presents no question of law to the Supreme Court on appeal.

3. SAME—*opinion of Appellate Court is not part of the record.* The opinion of the Appellate Court is not a part of the record of the cause in that court, and cannot be resorted to to overcome recitals in its judgment.

4. INSTRUCTIONS—*when instruction is not misleading on the question of due care.* An instruction that the jury should find the defendant guilty if they believed, from the evidence, that the deceased, "while in the exercise of ordinary care for her safety and without fault or negligence on her part, lost her life," etc., is not open to the criticism that it limits the necessity for the exercise of due care to the moment of the accident.

5. SAME—*when instruction is not misleading on question of damages.* An instruction that if the jury believed that the death of plaintiff's intestate was caused by defendant's negligence they should assess the plaintiff's damages at such sum as they believed, from the evidence, would be a fair and just compensation, based upon the pecuniary loss, if any, resulting to the plaintiff, as next of kin, from the death of the deceased, not exceeding the sum claimed in the declaration, is not objectionable.

*Calumet Electric Street Ry. Co.* v. *VanPelt,* 68 Ill. App. 582, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

JUDSON F. GOING, and LOUIS G. KNIGHT, (J. A. BURHANS, of counsel,) for appellant.

H. T. & L. HELM, and H. W. MAGEE, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Edna Irene Van Pelt, a girl about nine and one-half years of age, was struck and killed by one of appellant's cars. The appellee, administratrix of the estate of the said deceased, brought this action on the case under the statute, in the Superior Court of Cook county, to recover damages sustained by the next of kin of said deceased, it being alleged her death was caused by the negligence

of the servants of the appellant company. A trial before a jury resulted in a verdict in favor of the appellee in the sum of $5000, upon which the court entered judgment. The appellant company prosecuted an appeal to the Appellate Court for the First District, and from a judgment of affirmance in said Appellate Court has prosecuted a further appeal to this court.

The errors assigned are stated in the brief of counsel for appellant as follows: (1) The court erred in refusing, at the close of the trial, to instruct the jury to find the defendant company not guilty; (2) the court erred in giving instruction No. 1, asked on behalf of appellee; (3) the Appellate Court erred in ruling that the question whether the damages recovered were excessive was not brought before it for review.

When the testimony for both parties had been produced the cause was argued and submitted to the jury. The court gave to the jury, on behalf of the appellant company, instructions Nos. 2 to 17, inclusive, as asked, but refused to give instruction No. 18, presented in the same behalf. Instruction No. 18 so refused was a peremptory direction to the jury to find the appellant company not guilty. We have repeatedly held that a motion for an instruction to a jury to return a peremptory verdict for one of the parties must be made before submitting the cause to the jury for decision, and that a party, after submitting the cause to the jury for determination, should not be heard to urge the evidence was insufficient to warrant consideration of the case by the jury, and to move the court, for that reason, to direct the jury to return a verdict in his favor. (*Peirce* v. *Walters*, 164 Ill. 560; *Vallette* v. *Bilinski*, 167 id. 564; *Hartford Deposit Co.* v. *Pederson*, 168 id. 224; *West Chicago Street Railroad Co.* v. *McCallum*, 169 id. 240; *Gilbert* v. *Watts-DeGolyer Co.* 169 id. 129.) It was not error to refuse to grant the instruction, and such refusal presents no question to this court relative to the facts or the sufficiency of the testimony.

Instruction No. 1, given on behalf of the appellee and alleged to be erroneous by the appellant, is as follows:

"The court instructs the jury, that if you believe, from the evidence, that Edna I. Van Pelt, while in the exercise of ordinary care for her safety and without fault or negligence on her part, lost her life by and through the negligence of the defendant, as charged in the declaration, and that said Edna I. Van Pelt left her surviving next of kin, then you should find the defendant guilty, and assess the plaintiff's damages at such sum as you believe, from the evidence, will be a fair and just compensation, based upon the pecuniary loss, if any, resulting from the death of the said Edna I. Van Pelt to her said next of kin, not exceeding the sum claimed in the declaration filed herein."

The complaints as to this instruction are two-fold, as follows:  First, that it confines the necessity for due care on the part of the deceased to the time of the accident, by implication excluding the time preceding; and second, that the suggestion to the jury that they should, if they found the appellant guilty, assess compensatory damages not exceeding the sum claimed in the declaration, is error.  The argument in support of the first of these complaints is, that the instruction limits the necessity for the exercise of due care on the part of the deceased to the moment of the accident, and by implication excludes the time preceding.  We think the instruction not open to this criticism.  As we construe it, and as we think it would be understood by a jury, the duty of deceased to exercise ordinary care was not to be limited to the immediate time of the accident, but that in order to warrant a recovery the jury must believe the accident to the deceased occurred without fault or negligence upon her part.  Nor is the second ground of objection to this instruction well taken.  The law limits the liability of the defendant in such cases, and in all cases the recovery is limited to the

amount of the *ad damnum* of the declaration, and it can not be error to so advise a jury unless the language employed be such as to suggest or imply that the jury should or would be authorized to assess the full amount of the damage claimed in the declaration or permitted by law to be recovered in the case. This instruction does not offend in that respect, and upon the point under consideration is not distinguishable from instructions held to be faultless in *Chicago, Burlington and Quincy Railroad Co.* v. *Payne,* 59 Ill. 534, and *Indianapolis and St. Louis Railroad Co.* v. *Estes,* 96 id. 470.

The only alleged error remaining to be considered is the alleged refusal of the Appellate Court to consider and determine whether the damages recovered by the appellee were excessive. We have examined the judgment of the Appellate Court and the records of the proceedings in the case in that court, and find nothing in the judgment, or otherwise in the record, indicating that the Appellate Court refused to consider and determine the complaint that the damages are excessive. The judgment entered in that court recites that the court "diligently examined and inspected as well the record and proceedings as the matters and things therein assigned as for error," and adjudged the record was free of error. We cannot consult the opinion rendered by the Appellate Court in support of this contention of the appellant, for the reason such opinion is not a part of the record of the cause in that court, and cannot be resorted to to overcome the recitals of the judgment entered by the Appellate Court. *Marske* v. *Willard,* 169 Ill. 276.

The judgment must be and is affirmed.

*Judgment affirmed.*