## Fred Rautert v. Axel Carlson, for use of Carlson Construction Company.

### Gen. No. 11,249.

1. CREDIBILITY OF WITNESSES—*when instruction pertaining to, is subject to criticism.* An instruction which tells the jury, in substance, that if they believe that any witness or witnesses have knowingly and wilfully testified falsely as to " any matter in controversy in this case" then they have a right to disregard the entire testimony of such witness or witnesses, etc., is subject to criticism in not limiting such right to a case where the false testimony referred to a matter material to the issue.

2. VERDICT—*what essential to raise question of sufficiency of evidence to sustain, as a matter of law.* In order to preserve for review the question of the sufficiency of the evidence, as a matter of law, to sustain the verdict, it is essential that a motion to instruct be made at the close of all the evidence.

Rautert v. Carlson.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed on remittitur. Opinion filed October 4, 1904.

**Statement by the Court.**    Appellant and appellee entered into a contract in writing by which appellee contracted to furnish and erect "all mason work, cut stone, cement and asphalt floors and pitch," for a certain brewery building according to plans, specifications and drawings made by Fred Rautert, architect, and appellant contracted to pay him $18,000 therefor. In an action by appellee against appellant for so much of the contract price as had not been paid and for the price of certain extra work and materials, the plaintiff had a verdict for $1,106.33. Defendant's motion for a new trial was denied and judgment entered on the verdict and defendant appealed.

F. H. TRUDE, for appellant.

GALLAGHER, FISKE & MESSNER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The court gave for the plaintiff the following instruction : "You are further instructed that if you believe any witness or witnesses testifying in this case have knowingly and wilfully testified falsely as to any matter in controversy in this case, then you have the right to disregard the entire testimony of such witness or witnesses, except in so far as the testimony of such witness or witnesses may be, if it is, corroborated by other credible testimony or by facts or circumstances appearing in proof upon the trial of this case."

It is insisted that this instruction is erroneous because it is not limited to false testimony as to a matter material to the issue.    For appellee it is insisted that the phrase " matter in controversy " as used in the instruction means and is limited to a matter material to the issue.    If the intention of counsel in preparing the instruction was to limit it to false swearing as to a matter material to the issue it would

have been better to say so in plain and direct words, in place of attempting to convey such meaning by the use of words which may possibly be given that meaning by construction. We do not, however, regard the defect in the instruction as sufficient to require a reversal of the judgment. The objections urged against the other instructions are without merit. The principal contention is that the verdict is against the evidence. It is contended by appellee that this question is not presented by the record because the defendant did not, at the close of the evidence, ask the court to instruct the jury to find for the defendant, and in support of this contention we are referred to Hartford Dep. Co. v. Pederson, 168 Ill. 225, and Swift & Co. v. Fue, 167 Ill. 443. Such a motion is necessary to present to the Supreme Court the question of law, whether there is evidence on which the jury can legally found a verdict. But in this court, where the facts are open to review, the question whether the verdict is against the evidence is presented by the assignment of error that the court erred in denying defendant's motion for a new trial. O., O. & Fox River R. R. Co. v. McMath, 91 Ill. 104. The jury were warranted in finding from the evidence that the plaintiff had fully performed the original contract. Indeed, in the account put in evidence by the defendant, the plaintiff is given credit for the full amount of the contract price and for two items of $31 and $16.80, making the total amount of plaintiff's credits $18,047.80. In the same account the defendant is given credit for $18,039.97, leaving a balance in favor of the plaintiff of $14.83. Appellant questions the correctness of but five of the items of credit claimed by the defendant, viz.:

1901.
Feb.   6, Use of lumber and arches.............$150.00
  "     18, For broken lumber and ladders......... 100.00
Apr.  17, Cramer for plastering office............  75.00
Aug.  17, To Patterson............................ 122.00
          Settling up Sembower & Hogsetts' bills... 226.97
     Plaintiff also put in evidence a statement of the account as

Rautert v. Carlson.

claimed by him. In this account the defendant is credited with the two items of $150 and $100, above mentioned, and we think they must therefore be allowed as proper credits. The last three items above mentioned are not in the account introduced by the plaintiff. The item of $75 paid to Cramer for plastering must be rejected. The contract for "Mason Work, Cut Stone and Cement floors" does not include plastering.

The credits claimed by defendant for $122, paid Patterson, and $226.97, paid in settling Sembower & Hogsetts' bills, may be considered together. The defendant gave to plaintiff an order on the Fayette Brewing Company, the owner of the building that was constructed, about June 10, 1901, for $1,190, and took credit therefor in the account he put in evidence. The jury were warranted in finding from the evidence that the Brewing Company paid the two sums of $122 and $226.97, on the order of the plaintiff, out of the fund arising from the order of the defendant on the Brewing Company in favor of plaintiff for $1,190, and therefore were warranted in refusing to allow either sum as a credit to defendant in his account with the plaintiff.

The jury were further warranted in finding from the evidence that the plaintiff was entitled to $585 for extra work and materials. The contention of the defendant, made at the trial, "that a special agreement was made that no extra charge was to be made for this extra work," is not sustained by the evidence.

Beginning with balance due plaintiff in the account
introduced by plaintiff.........................$ 14.83
Adding for extras................................ 585.00
Amount paid Patterson............................ 122.00
Amount paid account of Sembower & Hogsetts.... 226.97

The balance due plaintiff is.......................$948.80

We think the jury were warranted in finding a verdict for the plaintiff for $948.80, but not for an amount in excess of that sum. If the plaintiff shall within ten days re-

264    APPELLATE COURTS OF ILLINOIS.

VOL. 116.] Builders' Painting, etc., Co. v. Advisory Bd. Bldg. Trades.

mit from the judgment $157.53, the judgment of the Superior Court will be affirmed, otherwise it will be reversed and the cause remanded.

*Affirmed on remittitur, otherwise reversed and remanded.*
Remittitur filed October 5, 1904.

Mr. Presiding Justice STEIN took no part in the decision of this case.