APOLLONIA WARTH

*v.*

L. LOEWENSTEIN & SONS.

*Opinion filed December 20, 1905—Rehearing denied Feb. 7, 1906.*

1. APPEALS AND ERRORS—*whether there is any evidence to support defense is not preserved by motion for new trial.* Whether there is any evidence tending to support the defense to a suit at law is not preserved for review by the plaintiff's motion for new trial, where she submitted the case to the jury without moving to exclude the evidence, demurring thereto or asking a peremptory instruction in her favor.

2. EVIDENCE—*party may explain why witness was not produced.* Where a witness whom a party would be expected, under the circumstances, to produce is absent in Europe at the time of the trial, it is proper to permit the party to state why the witness went to Europe, in order to rebut any unfavorable inference or presumption which might otherwise arise from the fact he was not produced.

3. SAME—*what is not improper cross-examination.* It is not improper, on cross-examination, to permit the witness to be questioned as to certain statements made by him in his deposition taken prior to the trial but not introduced in evidence.

4. SAME—*when party cannot complain that jury took incompetent memoranda on retirement.* One who introduces a paper in evidence and obtains a ruling that certain memoranda on the back thereof should be excluded should erase or cover the memoranda, and cannot complain that the jury, on retirement, took the paper with the memoranda unerased.

5. COSTS—*when judgment against plaintiff for costs is improper.* A plaintiff who recovers a part, only, of her demand should not be adjudged liable for the costs, where the defense is the general issue, not limited, and no tender as to the part of the demand recovered is pleaded or kept good.

6. SAME—*tender after suit begun must include accrued costs.* Tender after suit begun, in order to avoid further costs, must include the costs of the suit incurred up to the time of the tender.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

HELMER, MOULTON & WHITMAN, for appellant.

NEWMAN, NORTHRUP, LEVINSON & BECKER, (HARRY GOODMAN, ARTHUR B. SCHAFFNER, and CHESTER E. CLEVELAND, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal perfected by the appellant, Apollonia Warth, trading as Albin Warth, from a judgment entered in the Appellate Court for the First District affirming a judgment of the circuit court of Cook county against the appellee corporation in her favor in the sum of $87.50, and also entering judgment for the costs in that court against appellant. A certificate of importance was granted by the said Appellate Court.

The action was assumpsit by the appellant against the appellee, and the declaration contained four counts. The first count alleged that in April, 1895, appellant, at the request of appellee, a corporation, "licensed, let and delivered to use" to appellee a patented machine for cutting cloth, constructed under certain letters patent of the United States belonging to her, "under licenses, terms and conditions" which the count set out in full, and that the appellee agreed to pay $150 semi-annually to the appellant. The seventh clause of said license is as follows: "The said licensees may terminate the payment of royalty herein mentioned upon the condition that the aforesaid machine shall be returned and delivered to said licensor by the said licensees with payment of royalty up to date of such return; and upon the further condition, and the said licensees agree, that they will not thereafter use or authorize, or allow to be used, directly or indirectly, in their business or elsewhere, any other cloth-cutting machine until all the patents herein mentioned shall have run out." This count alleges as the breach thereof that the appellee did not, after October 2, 1896, pay the semi-annual royalties for said machine, and that said appellee "never did, prior to the commencement of this suit, return the said machine, with payments of royalties up to

the date of such return, whereby," etc.   The second count is the same, in substance, as the first, and the breach alleged is the failure to pay the semi-annual royalties due on April 2, 1897, and thereafter.   The third and fourth counts are common counts for royalties unpaid.   There is no averment in either of the counts that after the delivery of the machine to the appellee corporation the appellee used any other cloth-cutting machines, and thereby became liable to pay royalties.

To the declaration the appellee pleaded the general issue, verified by affidavit, and also a plea of the Statute of Frauds, which latter plea alleged that the supposed agreement of April, 1895, was not to be performed within one year, and that no note or memorandum of it was signed by the appellee.   This latter plea was disposed of by a demurrer which was sustained thereto by the court.   The defense was that the machine was re-delivered to the appellant and the royalties due to that date tendered to her.   This defense was sustained and judgment in the sum of $87.50 was entered in favor of the appellant, being the amount due for royalties to the date of the re-delivery of the machine to the appellant. The appellant contends there was no evidence tending to support this defense.   No motion for a peremptory verdict in her favor was entered.

It is urged by the appellant that the question whether there was any evidence tending to support the defense was raised and preserved for review in this court by her motion for a new trial.   We do not think this contention can be sustained.   In support of this insistence counsel urge that *Reichwald* v. *Gaylord,* 73 Ill. 503, and *Geary* v. *Bangs,* 138 id. 77, so hold.   We have examined both of those cases on this point, and find the holdings there to be, that the question whether the evidence is sufficient to sustain the verdict may be raised for review by a motion for new trial.   But the question so preserved for review would be one of fact, cognizable only in the Appellate Court,—not a question of law for this court.   In the latter of the cases cited we held that

the question whether there was any evidence to go to the jury was raised by the demurrer to the evidence on behalf of plaintiff, but that defendant did not abide the demurrer but introduced testimony to controvert plaintiff's evidence and did not renew the demurrer at the close of all the evidence, and thereby waived the right to raise the question, on appeal, as to whether there was any evidence tending to support the plaintiff's case.

In *Berriman* v. *Marvin,* 162 Ill. 415, we held the practice is settled that by submitting the case to the jury without a motion for a peremptory instruction, a motion to exclude the evidence or a demurrer to the evidence, the right to raise as a question of law whether there was any evidence tending to support the cause was waived. The appellant, by submitting the case to the jury without a motion to direct a verdict in her favor, must be held to have conceded that there was evidence tending to support the defense, and that question was not raised by the motion for a new trial. *Calumet Electric Street Railway Co.* v. *VanPelt,* 173 Ill. 70; *West Chicago Street Railroad Co.* v. *McCallum,* 169 id. 240.

The evidence disclosed that Emanuel Loewenstein was the president of the appellee corporation and the representative thereof with whom the negotiations leading up to the alleged contract were had, and that in November prior to the trial in March he went to Europe and was absent there at the time of the trial, and that his deposition had not been taken. It was insisted by appellant that the failure to produce Emanuel Loewenstein as a witness or to procure and present his deposition on the hearing justified the jury to infer that his evidence, if produced, would have been unfavorable to the cause of the appellee, and therefore appellant contends the giving of the following instruction in behalf of the appellee was error:

"The court instructs the jury that they should not draw any inference unfavorable to the defendant from the fact that Emanuel Loewenstein has not appeared as a witness in

this case on behalf of the defendant, if, from the evidence, the jury believe that said Loewenstein is unavoidably absent in Europe at the time of this trial."

The evidence for the appellant showed, and the brief of counsel for appellant here admits, that the only matter said Emanuel Loewenstein could have testified to, if present, was as to part of the negotiations had between Henry Warth, acting for appellant, and said Emanuel, acting for appellee, in reference to the alleged agreement of February, 1895. The verdict of the jury is consistent only with the view they found that the contract was made and entered into as claimed by the appellant, hence it is clear the instruction, whether accurate or not, did not produce any harmful result to the appellant.

It is insisted that the court erred in permitting the witness Sidney Loewenstein, over the objection of the appellant that it was immaterial, to state why his brother, Emanuel, had gone to Europe. We do not think this was error. The correct rule is stated as contended for by counsel for the appellant, that the mere withholding or failing to produce evidence which, under the circumstances, would be expected to be produced and which is available gives rise to a presumption against a party. (*Mantonya* v. *Reilly,* 184 Ill. 183.) But evidence may be given in behalf of the party who fails to produce such evidence to explain such failure, and thereby rebut any inference or presumption that might otherwise arise therefrom. (22 Am. & Eng. Ency. of Law,— 2d ed.—1260.)

The contention of the appellant that the court erred in allowing appellee, on cross-examination of Charles Warth, over the appellant's objection, to question him as to certain statements made by the witness in his deposition taken prior to the trial but not introduced, is without merit. It is always proper, for impeaching purposes, to show that the witness has made prior inconsistent or contradictory statements on material points, and nothing more was done in this

instance. *Western Manufacturers' Mutual Ins. Co.* v. *Boughton,* 136 Ill. 317.

During the hearing a certain paper was introduced on behalf of appellant. On the back of the paper certain words were written with a pencil. On objection by appellant the court held the pencil memorandum was not proper to be admitted, and excluded the same. It is complained the jury took this paper, with the memorandum on it, together with other documents, to the jury room when they retired to consider of their verdict. This instrument of evidence was introduced by appellant, and the court, on her motion, ruled that the penciled words on the back were not proper to be received in evidence, and it was the duty of the appellant to have caused the words to be covered or erased. She cannot, therefore, be heard to complain that this was not done.

It is complained by the appellant that instruction No. 3 given at the request of the appellee ignored all right of the appellant to recover royalties by reason of the use of other machines than those patented by the appellant. The declaration, as we have seen, did not set forth any liability to pay royalties because of any breach in the contract not to use other machines than those patented by the appellant, and the pleadings presented for decision no such issue. Instruction No. 2 given at the request of the appellant presented the cause and the issues in the same manner as did the pleadings, and as also did instruction No. 3 given at the request of the appellee.

The judgment was in favor of the appellant in the sum of $87.50, but it was adjudged that she should pay the costs. This order requiring the appellant to pay the costs was erroneous. The defense was that the appellee had re-delivered the machine to the appellant and at the same time tendered to her its check for $87.50, the royalties which had accrued at the date of such re-delivery. Appellant refused to receive the sum so tendered and brought the action to recover the amount she claimed to be due. The appellee pleaded the

general issue and the Statute of Frauds, but did not plead the tender of said sum of $87.50. Tender, to be effectual to relieve from costs, must be pleaded, and the tender kept good by depositing in court with the plea the amount admitted to be due. (*Knox* v. *Light,* 12 Ill. 86; *Leonard* v. *Patton,* 106 id. 99; 2 Ency. of Pl. & Pr. 554.) The appellee did not plead the tender, but, on the contrary, pleaded the general issue, and thereby denied the justness of the appellant's demand *in toto.* If it desired to concede the demands of the appellant in part and to combat the remainder and to plead tender as to the part conceded to be just, the plea of the general issue properly limited and plea of tender should have been filed. (Puterbaugh's Com. Law Pl. & Pr. p. 228.) During the hearing of the testimony for the appellee the sum of $87.50 in gold coin was tendered in open court and deposited with the clerk of the court by the order of the court. But we are unable to see that this availed to relieve the appellee of liabilty to pay the costs. Section 4 of chapter 135 (Hurd's Stat. 1899, p. 1689,) authorizes a tender to be made, after suit brought, in avoidance of future accruing costs, but the amount to be tendered is the amount conceded to be due and the "costs of suit incurred up to the time of tender." No tender of the costs of the suit which had accrued was made. The appellant having prevailed, was entitled to a judgment also for the costs by her expended, no tender having been pleaded or kept good by deposit of the money tendered in court and clearly due and unpaid.

The judgment in favor of the appellant in the sum of $87.50 is affirmed and the judgment against the appellant for the costs is reversed, and the cause will be remanded with directions to enter judgment for the appellant for her costs in the trial court. In this court each party will pay one-half the costs.

*Affirmed in part and remanded, with directions.*