## Florentina Roman, Appellee, v. Ester Silbertrust, Appellant.

### Gen. No. 15,464.

1. APPEALS AND ERRORS—*when question of sufficiency of evidence saved for review.* To preserve as a question of law, so that the Supreme Court can take cognizance of the point that no evidence in the case, with the legitimate inferences and implications to be drawn from it, furnishes any basis for a verdict for the plaintiff, a motion in writing for a directed verdict must be presented, accompanied by an instruction to find for the defendant, but the Appellate Court has the power and duty, on an assignment of error calling in question the ruling of the trial judge on the motion for a new trial, to pass on the facts, to weigh the evidence, that is; and if its weight is clearly and manifestly against the verdict, to do what the court below should have done and grant a new trial by a remandment for that purpose, or even, in proper cases, to reverse without remandment, and with a finding of fact conclusive of the controversy.

2. INSTRUCTIONS—*when repetitions upon question of damages will not reverse.* Notwithstanding many instructions upon the question of damages are given, if they all contain correct statements of the law a reversal will not be awarded.

Action for assault. Appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed January 23, 1911.

JAMES A. DEMING and LYNN, BAUMER & HOUSE, for appellant.

SYMMES & KIRKLAND and H. M. ASHTON, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal by the defendant, Ester Silbertrust, from a judgment of the Superior Court of Cook County for $1,075 against her, rendered on the verdict of a jury in an action for an alleged assault made upon the plaintiff and appellee, Florentina Roman, by the agents of the defendant.

Complaints are made in the assignments of error and argument of the appellant: *First,* that the verdict is so manifestly against the weight of the evidence that the trial judge erred in not granting a new trial. *Second,* that the court below erred in its instructions to the jury. It is said that in five of them, given at the instance of the plaintiff, the question of damages in its various phases was kept too prominently before the jury. Counsel say: This "was an invitation to them (the jury) to allow punitive damages and tended to prejudice them against the defendant. It tended to smother the question of liability and to induce the jury to believe that all they had to do was to award damages." One of these instructions on damages is also declared vicious, because it states the law in relation to punitive damages too broadly. *Third,* It is said that incorrect rulings were made by the trial judge in the admission and exclusion of evidence.

Of these grounds of attack upon the judgment, the first is the most serious and important. There is an absolutely irreconcilable conflict of testimony, and it may be that the jury erred in believing one set of witnesses rather than the other. Counsel for the appellee say in their argument that the appellant cannot raise that question in this court because a motion in writing for a directed verdict, accompanied by an instruction to find for the defendant, was not presented to the court by the defendant at the close of all the evidence. This shows an entire misapprehension of the law on this subject in this state. No such rule exists. To preserve as a question of law, so that the Supreme

Court can take cognizance of the point that no evidence in the case, with the legitimate inferences and implications to be drawn from it, furnishes any basis for a verdict for the plaintiff, such a motion must be made, but the Appellate Court has the power and duty, on an assignment of error calling in question the ruling of the trial judge on the motion for a new trial, to pass on the facts, to weigh the evidence, that is; and if its weight is clearly and manifestly against the verdict, to do what the court below should have done and grant a new trial by a remandment for that purpose, or even, in proper cases, to reverse without remandment, and with a finding of fact conclusive of the controversy.

But naturally this court proceeds with reluctance and hesitation to pass on conflicting evidence which involves, as in the present case, the credibility of witnesses.

There was in this case, testimony which, if believed by the jury, warranted them in finding that two or more agents of the defendant, acting within the scope of their authority in the defendant's business, and under her general instructions to reclaim and take away from plaintiff's rooms certain furniture bought or leased (it matters not which) from the defendant, but not paid for according to the contract, violently assaulted and injured the plaintiff in the course of the transaction.   This would render the defendant civilly liable.

There was certainly other testimony in direct contradiction of the plaintiff's and which pictured the whole proceeding as one which would have been entirely peaceful except for the unresented bellicose action of the plaintiff, who, according to this version of the affair, was not the assaulted, but the assaulter. Without the sight or hearing of the witnesses the only reasonably certain deduction which we could make from the mere written record, would be that there was a fight at the place and time mentioned and that the respective parties were in it.   The jury had a better

opportunity than we to judge of the relative truth of the stories told, and although we are far from asserting that the probability that their determination of this case was a correct one amounts to a moral certainty, we know of no better test than their view of it to apply to it. Therefore we shall not interfere with their verdict on the facts.

As to the instructions, we can see no reversible error in them. We cannot undertake to say that merely because more instructions, all correct statements of the law, were given on one subject than were actually necessary, the verdict should be set aside. Several instructions given at the defendant's instance also correctly stated the law concerning damages, punitive and otherwise, and we do not think the jury were or could have been misled. The instructions on the subject of damages, taken together, seem to furnish a very fair exposition of the law, nor is any one of them reversibly erroneous.

We see nothing in the rulings on the admission or exclusion of evidence calling for discussion or justifying interference with the judgment. It is affirmed.

*Affirmed.*