# A. M. Kaufman, Appellee, v. Jacob Miller, Appellant.

1. APPEAL AND ERROR, § 1339*—*when ground presented in motion for new trial presumed considered.* Where a bill of exceptions contained nothing to show that the point, that the action of forcible entry and detainer in question did not lie but that the remedy of defendant, if any, was by ejectment, was not presented in the argument of the motion for a new trial, it will be presumed that it was considered by the court and not abandoned.

2. APPEAL AND ERROR, § 536*—*how failure of evidence raised.* In order to preserve the point that there is no evidence to support a cause of action or defense, as a question for review by the Supreme Court, it is necessary to make a motion at the close of all the evidence for a directed verdict; but this rule does not apply to the Appellate Court, which has the same jurisdiction as the trial court to pass upon the facts.

3. APPEAL AND ERROR, § 601*—*how sufficiency of evidence questioned.* The question whether the evidence is sufficient to sustain the verdict may be raised for review by a motion for new trial; but the question so preserved would be one of fact, cognizable only in the Appellate Court and not a question of law for the Supreme Court.

4. FORCIBLE ENTRY AND DETAINER, § 9*—*when provisions governing peaceable entry and unlawful detainer applicable.* The second clause of section 2 of the Forcible Entry and Detainer Act (J. & A. ¶ 5843), providing for the bringing of such an action when a peaceable entry is made and possession unlawfully withheld, is only applicable where the peaceable entry is made upon the premises that are in the actual possession of the complainant, or of those to whose rights he has succeeded.

5. FORCIBLE ENTRY AND DETAINER, § 67*—*title not determinable.* Issues as to the title to land cannot be tried in forcible entry and detainer, and when the right to possession can be determined only

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by adjudicating the title, such adjudication can be made only ir ejectment.

6. FORCIBLE ENTRY AND DETAINER, § 11*—*when not proper remedy where title in dispute.* Where the facts in a forcible entry and detainer suit disclosed without conflict that defendant was in possession of the strip of land in question by virtue of a lease from a party who claimed title thereto, and that plaintiff claimed the right of possession thereto through the title derived by him through deeds from parties whose titles were based upon adverse possession, it was held that ejectment, and not forcible entry and detainer, was the proper action.

Appeal from the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1918. Reversed and remanded. Opinion filed April 29, 1919.

P. M. MOORE and JOHN H. CHADWICK, for appellant.

A. L. GILLIOM and CHARLES TROUP, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

A. M. Kaufman, appellee, recovered a judgment in the Circuit Court of Douglas county in an action of forcible entry and detainer against Jacob Miller, appellant, awarding him the possession of the following described real estate: "The premises commonly known and described as a tract of land Six (6) rods wide North and South and One Hundred Sixty (160) rods long East and West off of the South side of the Northeast Quarter of Section Thirty-four (34), Township Fifteen (15) North, Range Seven (7) East of the Third Principal Meridian, in the County of Douglas and State of Illinois."

On September 23, 1891, Hugh McKinney and wife conveyed by warranty deed to Joel Miller several tracts of land, including the South half (½) of the Northeast Quarter (¼) of Section 34, Township 15 North, Range 7 East of the Third P. M., in Douglas

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

County. It appears from the proofs that at the time of this conveyance the last-mentioned tract was inclosed on the south side thereof by a fence of part wire and part hedge, situated 6 rods north of the half section line. Under this deed Joel Miller took possession only of the land lying north of the fence. This fence had marked the south boundary line of the tract described as the Northeast Quarter of Section 34 for 50 years or more.

Joel Miller farmed the tract north of the fence until 1897, when he leased it to appellee, who was his son-in-law, and who remained in possession as such lessee until 1915.

On March 1, 1904, appellee, while in possession of the tract north of the fence as the tenant of Joel Miller, procured a purported quitclaim deed from George I. Todd and wife of the east half of the strip lying south of the fence, between the latter and the half section line. On September 23, 1907, he procured a quitclaim deed from Robert S. Hendrickson, widower, purporting to convey to him the west half of the strip lying between the fence and the half section line. Each of these strips extended 6 rods north and south and 80 rods east and west, and was, at the time of its conveyance to appellee, in the possession under the claim of ownership of the respective grantors thereof. After appellee procured these deeds he removed the hedge and wire fence and farmed the entire tract in the Northeast Quarter of Section 34 to the half section line.

In 1915, Joel Miller, by verbal lease, rented the premises in controversy, together with other premises, to one William Kutz for the year commencing March 1, 1915, and ending March 1, 1916. Kutz procured possession of the premises in an action of forcible entry and detainer against appellee.

In 1916, Joel Miller rented the premises in question,

and other lands, to Jacob Miller, appellant, for the year from March 1, 1916, to March 1, 1917, by verbal lease, under which the latter took possession, and was in possession of the same when appellee brought this action to recover back the possession thereof.

Several reasons are urged on this appeal why the judgment of the Circuit Court should be reversed, but it will be necessary to consider but one of them. It is contended by appellant that under the evidence in this case the action of forcible entry and detainer will not lie, but that the remedy of appellee, if any, is by ejectment. Counsel for appellee insist that this question is not open for review by this court because it was not presented on the trial by a demurrer to the evidence, motion for a directed verdict, instructions or in some other appropriate manner, and also because on the argument of the motion for a new trial it was not brought to the attention of the trial court. Numerous points are set out in support of the written motion for a new trial, among which is that the verdict is contrary to the evidence and to the law. There is nothing in the bill of exceptions to show that these points were not presented on the argument of that motion, and we must presume that they were considered by the court and not abandoned.

In order to preserve the point that there is no evidence tending to support a cause of action, or a defense, as a question of law for review by the Supreme Court, it is necessary to make a motion at the close of all the evidence for a directed verdict (*Berriman v. Marvin,* 162 Ill. 415; *Calumet Elec. St. Ry. Co. v. Van Pelt,* 173 Ill. 70; *Warth v. L. Loewenstein & Sons,* 219 Ill. 222); but this rule does not apply to the Appellate Court, which has the same jurisdiction as the trial court to pass upon the facts. (*Rautert v. Carlson,* 116 Ill. App. 260; *Roman v. Silbertrust,* 159 Ill. App. 485.) In the case of *Warth v. L. Loewenstein & Sons, supra,* it was said: "It is urged by appellant that the question

whether there was any evidence tending to support the defense was raised and preserved for review in this court by her motion for a new trial. We do not think this contention can be sustained. In support of this insistence, counsel urge that *Reichwald v. Gaylord,* 73 Ill. 503, and *Geary v. Bangs,* 138 Ill. 77, so held. We have examined both of those cases on this point, and find the holdings there to be, that the question whether the evidence is sufficient to sustain the verdict may be raised for review by a motion for new trial. But the question so preserved would be one of fact, cognizable only in the Appellate Court,—not a question of law for this court.''

The facts disclose without conflict that appellant is in possession of the premises in question by virtue of his lease from Joel Miller, who claims title thereto by his deed from McKinney, and that appellee claims the right of possession thereto through the title derived by him through the deeds from the Todds and Hendrickson, whose titles, before their respective conveyances to appellee, were based upon adverse possession. It is conceded that there never has been any contractual relations or privity of estate of any kind between appellant and appellee in connection with the premises, but it is contended by counsel for appellee that the action is brought, and can be maintained, under the second clause of section 2 of the Forcible Entry and Detainer Act (J. & A. ¶ 5843), which provides for such an action when a peaceable entry is made and the possession is unlawfully withheld. This clause is only applicable where the peaceable entry is made upon premises that are in the actual possession of the complainant, or of those to whose rights he has succeeded. *(Fitzgerald v. Quinn,* 165 Ill. 354.) No such state of facts appear in this case: Appellant entered into the peaceable possession of the premises as the lessee of Joel Miller, who was at the time in the peaceable possession of the same under the claim of title thereto.

Appellee's sole right of possession is based upon his claim of title received through his deeds from grantors who claimed title by adverse possession. Appellant's right of possession depends upon whether his lessor, Joel Miller, has title to the premises. Thus the right of possession between the parties to this suit depends entirely and solely upon the question as to whether the title to the premises rests in Joel Miller or in appellee. Issues as to the title to lands cannot be tried in actions of forcible entry and detainer, and when the right to the possession thereof can be determined only by adjudicating the title thereto, such adjudication can be made only in an action of ejectment.

The judgment of the Circuit Court is reversed and cause remanded.

*Reversed and remanded.*