# JEROME HARDISTY

## *v.*

# JOHN GLENN.

1. POSSESSION OF LAND — *its extent.* An entry and possession of the improved portion of a tract of land, a part being uninclosed, under a conveyance in fee for the whole, there being no adverse possession of any portion, is construed to be co-extensive with the grant.

2. The principle in such case, is not that the fact of the deed purporting to convey a fee extends the possession, but that the entry under such a deed explains the intention of the party when he makes the entry; thus removing the doubt which would exist in that regard, if the entry was not under a deed, in which case his possession would be limited to his actual occupancy.

3. So, where a party enters upon and takes possession of the improved portion of a tract of land, similarly situated, under a lease for the whole, he will be deemed to be in possession of the entire tract as fully as though his entry had been under a deed purporting to convey the land in fee.

4. EVIDENCE — *declarations.* And it seems the declarations of the party at the time he makes the entry under his lease, as to his claim of possession of the entire tract, may be admitted in his behalf, in an action of forcible entry and detainer brought by him against one who might subsequently intrude upon his possession.

5. FORCIBLE ENTRY AND DETAINER — *of the character of possession necessary.* The tenant thus claiming under the lease, has such a possession of the uninclosed portion of the land as will enable him to maintain the action of forcible entry and detainer against any one who may forcibly enter upon that portion.

6. And it seems the tenant's rights, in that regard, will not be prejudiced, though he claimed possession under a succession of annual leases, some of the intermediate ones expiring while the intruder was in possession.

7. SAME — *right of possession cannot be waived by a tenant.* The tenant has no such control over the possession of the premises as to enable him to render it adverse to his landlord. So, whatever arrangement the former may make with one who intrudes upon his possession under a claim adverse to the right of his landlord, will not prevent the tenant from afterwards asserting his right to the possession by an action of forcible entry and detainer against such intruder.

APPEAL from the Circuit Court of Warren county; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

This was an action of forcible entry and detainer, commenced by John Glenn, the appellee, against Jerome Hardisty, the appellant, on the 15th day of December, 1862, by filing his

complaint before a justice of the peace of Warren county. It was set forth in the complaint, that on or about the 1st of March, 1859, the said John Glenn was in the peaceable and lawful possession of the S. ½ of Section 5, T. 11, N. R. 1 W. in Warren county, claiming the whole of said premises by virtue of a lease from Scroggs & McFarland, the owners in fee simple of said premises, and had been in such peaceable and lawful possession for nine months prior thereto; and that he had ever since, and up to the commencement of the suit, and then was lawfully entitled to the possession of said premises, and every part thereof. And further, that on or about the 1st day of March, 1859, the said Hardisty unlawfully entered into and upon the south-east quarter of said section, and did eject and expel said Glenn therefrom, and still doth hold and detain the said south-east quarter from said Glenn, unlawfully and forcibly, and against the form of the statute, etc.

Such proceedings were had upon the trial before the justice that a judgment was rendered against the defendant, who thereupon took the cause, by appeal, to the Circuit Court.

The evidence adduced upon the trial in the Circuit Court, so far as it has reference to the respective rights of the parties in the controversy, sufficiently appears in the opinion of the court.

That trial also resulted in a verdict of guilty against Hardisty, and judgment being entered accordingly, he took this appeal and assigns for error,

1. That the court permitted the plaintiff to read in evidence the several leases from Scroggs & McFarland to himself.

2. That the court permitted the plaintiff to prove what he himself said, at the time of taking possession, and before this controversy arose, in reference to his claiming possession of the entire half section, and

3. That a new trial was not granted.

Messrs. GRIMSHAW & WILLIAMS, for the appellant.

Mr. E. W. HAZARD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the evidence that in the spring of 1858, appellee moved into the house near the line dividing the two quarters comprising the south half of section five, township 11, north range one, east. He at the time broke and fenced about five acres, a portion being on each quarter section. He afterwards broke more, but it does not appear that any part of it was on the land in controversy, but in 1860, he broke about fifteen acres, a portion of which, if not all, was on the land in dispute.

Appellant, in the spring of 1859, moved on the one hundred and six acres in dispute. He then broke a portion of it, and has continued to reside thereon ever since. He also extended his fence, so as to include a portion of the fifteen acres broken by appellee, on that tract.

On the trial, appellee introduced in evidence, a lease from Scroggs and McFarland to himself, for the whole half section, dated the 1st day of April, 1858. A lease of like purport, dated the 1st of April, 1860, which, by its terms, expired on the 1st day of April, 1861. Also another dated the 1st of April, 1861, and expiring on the corresponding day in 1862. And lastly, one of the date of April 1st, 1862, expiring on the 1st of April, 1863. Appellant introduced a lease from Haydon to himself, for the 106 acres on the east side of the quarter, under which it appears he entered into possession. There is some evidence tending to show that appellee, in resetting his fences, had recognized a particular line as dividing the improvements of himself and appellant.

This being a possessory action, and not depending upon title to the premises, but simply upon a prior possession, invaded by one out of possession, the question arises, whether appellee had the possession of the whole half section when appellee entered. His actual possession only extended, at the time of his entry, to the five acres then inclosed, and partly on each quarter. But was his constructive possession more extensive?

It has been held by this court, in the case of *Fairman* v. *Beal*, 14 Ill. 244, that an entry and possession of the improved portion of a tract of land, under a conveyance in fee for the whole, there being no adverse possession of any portion, must

be construed to be co-extensive with the grant. The entry under the deed explains the acts of the party. It shows that it is for the purpose of appropriating the entire tract that he has purchased, and is described in his deed, to his own immediate use. This removes all doubt which would exist if the entry was not under a deed, where his possession would be limited to his actual occupancy.

The principle announced in this case is not that the fact that the deed purports to convey a fee, extends the possession, but that the entry under such a deed explains the intention of the party when he performs the act. If the deed really conveyed the fee, then he could recover as the owner of the fee, and not upon his possession. But having to rely upon possession, it is material only to ascertain the extent of the possession. In this case, appellee entered under a lease describing the whole half section as the premises let to him. He made his improvements under the lease, so as to embrace portions of each quarter, and afterwards extended them so as to embrace a portion of the tract in controversy. He also declared at the time he entered upon the land, and before this dispute arose, that he claimed possession of the entire half section. All of these acts clearly manifest an intention to take all the possession of the entire tract that could be had without actual inclosure. This was, in principle, as complete a possession of the whole as if the entry had been made under a deed professing to convey the land.

Holding as he did, as a tenant, and not in his own right, he had no power to control the possession so as to render it adverse to the landlord. His arrangement as to dividing fences could in no wise affect those under whom he held. If he underlet, his tenant's possession, like his own, would be that of his landlord. Any agreement he may have made with appellant as to the division fence could not prevent his reclaiming the possession of that portion. We think the evidence shows a prior possession in appellee, and appellant not having shown a legal right to retain possession, the former had the right to recover. And the judgment must be affirmed.

*Judgment affirmed.*