# Mallon *v.* Moog.

*Action of Forcible Entry and Unlawful Detainer.*

1. *Forcible entry and detainer; after acquired title not sufficient to convert to ejectment.*—To entitle a defendant against whom an action of forcible entry and unlawful detainer is pending before a justice of the peace, to the benefits conferred by the statutes (Code, § 2147) of removing the cause to the circuit

[Mallon v. Moog.]

court and of there having the same tried as an action in the
nature of an action of ejectment, the claim of title set up by
him is not sufficient if it is an after acquired title—it must
have existed at the time of the entry, and he must have
entered peaceably under it.

2. *Same; plaintiff dispossessed by force not required to prove title.*
The plaintiff to a case of forcible entry which is removed to
the circuit court under our statutes providing for the removal
of such causes before trial nad before the justice of the peace,
is not required to prove his title to the land in controversy if
the defendant dispossessed him by the use of force—the entry
by the defendant must have been without the "use of force."

3. *Forcible entry; what is.*—If the plaintiff in forcible entry had
the land enclosed by a wire fence and the defendant took it
away and erected a plank fence around the land, this was
such force as would relieve the plaintiff of the necessity of
proving his titles when the case is carried to the circuit court
to be tried under the statute as an action in the nature of an
action of ejectment.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. WILLIAM S. ANDERSON.

The facts of this case are stated in the opinion.

McCARREN & LEWIS, for appellant.—The appellant
entered on the land in quiet peaceable manner. In *Mc-
Ganegal v. Walker*, 23 Ala. 361, the court say: "The
bare removal of a fence if the defendant had entered
peaceable would not convert his entry or detainer into
a forcible one."

R. T. ERWIN, *contra*, cited *Dunton v. Keel*, 95 Ala.
162; *State v. Posey*, 79 Ala. 45.

DOWDELL, J.—This was an action of forcible entry
and unlawful detainer brought by the appellee, Del-
phine Moog, against the appellant, Frank Mallon, in the
justice court in the city of Mobile on the pe-
tition of the defendant Mallon under the pro-
visions of sections 2147-8-9 of the Code of
1896. If the cause had been carried to the cir-
cuit court by appeal from the judgment of the justice
of the peace, it would need no argument to demonstrate
that the rulings of the circuit court on the trial in that

court were free from error. But as the removal of the cause was had under the provisions of the above sections which were enacted into law by a recent act approved February 16th, 1897, the case necessarily calls for a construction of those sections.

The effect of the act in question, is, in certain cases of forcible entry and unlawful detainer, where the possession of the defendant is not acquired by virtue of any contract or agreement with the plaintiff, or by force, to convert the proceedings into statutory action of ejectment. The manifest purpose being, in such cases, to save a multiplicity of suits. Under the provisions of the statute the sworn petition of the defendant for removal, among other statements, must contain a statement, that the entry was made peaceably and under claim of title. Without this statement no authority is conferred on the judge to order the removal. To entitle the defendant to the benefits conferred by the statute, it is not enough that his entry was a peaceable one, but it must also have been made under a claim of title. It is not sufficient if the claim is set up under an after acquired title. One who enters, though peaceably, without title or claim of title, is but a trespasser, and the statute was not enacted for the benefit of trespassers. The only evidence offered by the defendant of title or claim of title, was the title which he acquired long after his entry, and even subsequent to the removal of the cause into the circuit court. The bill of exceptions recites that the defendant was introduced as a witness in his own behalf and his testimony tended to show "that he knew the land in controversy, and that he had it enclosed with a fence about May, 1896; that the lot had been enclosed with a wire fence by Mr. Moog prior to that time; that he removed the wire fence which had been erected by plaintiff and put his fence in its stead; that the defendant in erecting his fence and removing plaintiff's fence did it in a quiet, peaceable manner and without creating any disturbance; that he pulled plaintiff's posts from the ground, and together with the wire deposited them on an adjoining lot; that no persons were present except defendant and the men whom he employed to do the work; that he does not remember

whether any of the wires were broken in removing the plaintiff's fence." This was all of the evidence on the part of the defendant relating to manner of his entry upon the lot. That the defendant "had previously claimed to own the lot" does not show that he was claiming to own it at the time of his entry, and that he entered under claim of title.

Section 2149 of the Code which corresponds with section 3 of the original act, provides: "On the trial of all cases removed under the provisions of the two preceding sections, to the circuit court, the plaintiff must recover on the strength of his legal title as in a statutory action in the nature of an action of ejectment, unless he can prove that the defendant, or those under whom he claims, entered on said lands under some contract or agreement between [with] plaintiff, or those under whom he claimed, or by use of force; in which latter case no inquiry can be had as to the respective strength of the legal title of the plaintiff or defendant." What is meant by the expression in the statute, "by use of force," becomes a pertinent question, and we may here observe that it does not necessarily involve a disturbance or breach of the peace. In section 2126 which forms a part of the chapter that embraces the sections under consideration, we find the legislative interpretation of what constitutes force in actions of this character. That section is as follows: "A forcible entry and detainer is, where one, by force or strong hand, or by exciting fear or terror, enters upon and detains lands or tenements in the possession of another; as by breaking open doors, windows, or any other part of a house, whether any person be within or not; by threats of violence to the party in possession, or by such words or actions as have a tendency to excite fear or apprehension of danger; by putting out of doors, or removing the goods or chattels of the party in possession; or by entering peaceably, and then, by unlawful refusal, or by force or threats, turning or keeping the party out of possession." The forcible entry and detainer may be of lands or tenements. The force used, may be by "breaking open a door, window, or other part of the house." The presence or absence of the party in the prior actual pos-

[Mallon v. Moog.]

session, at the time of such entry, is immaterial. We confess we can see no difference in principle between entering upon and breaking down and removing a fence enclosing a vacant lot and detaining the same, and in breaking open a door of a vacant house and detaining the same. What would be termed, the "use of force" in the latter, would be the same in the former. If in the present case a house had been upon the lot in question, and in the absence of the plaintiff, the party in actual possession, the defendant had entered by "breaking open a door or window," it would hardly be contended that the entry was without the "use of force," though done "in a quiet and peaceable manner." The plaintiff had the actual possession of the lot, had enclosed the same with a wire fence, the law did not require her to remain in person upon it and stand guard over it. The defendant in her absence entered and removed said wire fence, though "in a quiet and peaceable manner" and replaced it with a fence of his own, we hold that such entry was made by use of force.

The case of *McGonegal v. Walker,* 23 Ala. 361, cited by counsel for appellant, is distinguishable from the present case. In that case Walker, as shown by the statement of the facts, the plaintiff in the forcible entry suit, had entered upon the land which was then in the actual possession of the defendant, and was proceeding to construct a fence, which the defendant tore down and removed back to near the old fence line between the parties—the defendant McGonegal being already in peaceable possession, the bare removal of the fence would not constitute forcible entry and detainer; this is as we understand that case. In the present case there is no pretense of prior possession on the part of the defendant, or possession, at the time the plaintiff enclosed the lot with her own fence. Under the facts of this case, according to the construction we have given the statute, the legal title could not be inquired into.

We find no reversible error in the record and the judgment of the circuit court is affirmed.