# Brown v. French.

*Forcible Entry and Detainer.*

(Decided June 30th, 1906.  42 So. Rep. 409.)

1. *Forcible Entry and Detainer; Issues.*—Where the plaintiff admitted that the legal title was in the defendant, the only issues, upon a removal of the cause from the justice to the circuit court, under section 2149 Code 1896, were whether the plaintiff had actual possession and whether the defendant entered by force.

2. *Same; Constituents.*—Where a tenant of the landlord permitted defendant to enter on land without the consent of the landlord, but afterward regained actual possession of the premises, and the defendant re-entered by tearing down a fence erected by the landlord, this constituted a forcible entry.


APPEAL from Jefferson Circuit Court.
Heard before HON. A. A. COLEMAN.

This is an action of forcible entry begun by Mary Brown against A. H. French in the justice court and removed under §§ 2147-2149 of the code to the circuit court of Jefferson county.  The facts are sufficiently stated in the opinion.

BROWN, MURPHY & CRAWFORD, for appellant.—When a defendant enters by force or threats no demand is necessary before bringing suit.—*Knowles v. Ogletree,* 96

Ala. 555. No burden is on the plaintiff to show title, when the case is removed under statute, if the defendant dispossed plaintiff by force.—§ 2149, code 1896; *Mallon v. Moog*, 121 Ala. 303; *Fearn v. Beirn*, 129 Ala. 435. It is no answer to a forcible entry and detainer that plaintiff had on a former occasion entered and detained the same premises by force from the 'defendant.—*Bibb v. Thomas*, 131 Ala. 350. A deed made by one out of possession is void against one holding adversely.—*Murray v. Hoyle*, 92 Ala. 563; *Davis v. Curry*, 85 Ala. 134; *Bernstein v. Hume*, 71 Ala. 260. Holding land and fencing it in is such possession as will support forcible entry and detainer, even if the possession is acquired unlawfully.—*Mallon v. Moog, supra; King v. St. Louis, etc. Co.*, 84 Am. Dec. 68; *Allen v. Tobias*, 77 Ill. 169. Counsel discuss other assignments of error but cite no authority.

FRANK S. WHITE & SONS, for appellee.—Counsel discuss assignments of error, but cite no authorities.

DENSON, J.—This was an action of forcible entry and detainer, commenced before a justice of the peace by Mary Brown against A. H. French. On motion of defendant and in accordance with the provisions of sections 2147, 2148, and 2149 of the code of 1896, the cause was removed to the circuit court of Jefferson county. On the trial in the circuit court judgment was rendered in favor of the defendant, and the plaintiff appealed to this court.

It was conceded by the plaintiff on the trial in the court below that the legal title to the land involved in the suit was in the defendant, and it was not claimed by the plaintiff that defendant entered the possession under any contract or agreement with the plaintiff or those under whom the plaintiff claimed; but it was expressly stated to the court by the plaintiff's counsel "that plaintiff would conduct her case on the theory that she had been forcible ejected from the premises and that she would admit title in the defendant." In that condition of the case, under section 2149 of the code of 1896, to en-

title the plaintiff to a recovery it was devolved upon her to show to the reasonable satisfaction of the jury that she was in the actual possession of the premises and that the defendant entered on the premises by the use of force. And those were the only proper issues involved in the case.—*Mallon v. Moog,* 121 Ala. 303, 25 South. 583; *Fearn v. Beirne,* 129 Ala. 435, 29 South. 558. Nevertheless the evidence seems to have taken a wider range on the trial. The evidence showed that the plaintiff was in possession of the premises sued for as a tenant of Brown & Murphy; that previous to plaintiff's rental contract with Brown & Murphy the premises had been inclosed with lot No. 1 by a fence which was located on the north line of the said premises, but that the fence had rotted down; that after the controversy arose between defendant and Brown & Murphy about the strip in controversy, and on the 16th day of September, 1903, Brown & Murphy had a new substantial fence erected on the north line of the premises and in the same place where the fence had formerly stood. The defendant, through his counsel, while he was being examined as a witness, admitted that he tore the fence down forcibly on the night of October 2, 1903. Defendant testified that it did not take him long to tear the fence away; that he had a Winchester rifle with him, and five hands. He also testified that he saw the warning on the fence before tearing it down; that, after tearing the fence down that night, he moved the house on the premises in controversy and put some brick on it.

There is no ground in the evidence for any contention that defendant was in the actual possession of the strip of land when the new fence was erected by Brown & Murphy (plaintiff's landlords), apart from possession obtained by consent of and with the permission of the plaintiff. Defendant does contend that he was in the actual and peaceble possession of the strip in controversy by and with the consent of the plaintiff at the time the fence was erected. "The tenant must regard the interest of the landlord with the respect of possession, and not only maintain fealty himself, but give due notice of any attempt to dispossess him. His possession is always considered the possession of the landlord. A ten-

[Parker et al. v. Blount County.]

ant can make no valid attornment to one not in privity with that title."—1 Taylor's Landlord & Tenant (9th Ed.) § 180; *State v. Robbins,* 123 N. C. 730, 31 S. E. 669, 68 Am. St. Rep. 481; *Hardisty v. Glenn,* 32 Ill. 62. An attornment made by the tenant to one not in privity with the landlord's title would operate as a fraud against the landlord, and such attornment could not prevent the tenant from reclaiming the possession of the premises. —32 Ill. 62. So, in this case, conceding that the plaintiff permitted the defendant to take possession of the premises, the evidence without conflict shows that by the erection of the fence and subsequent conduct she reclaimed and regained the actual possession. This being true, the conduct of defendant in tearing away the fence after it was built constituted an entry on the premises by force within the meaning of the statute, and gave the plaintiff a cause of action.—*Mallon v. Moog, supra.* There is no conflict in the evidence on these propositions, and the plaintiff was entitled to have the jury instructed, as requested, that if they believed the evidence they should find for the plaintiff. This renders it unnecessary for us to go into an examination of other assignments of error.

The judgment is reversed, and the cause remanded. All the Justices concur.