Goldblatt Bros., Inc., Appellee, v. Hoefeld, Inc., Appellant.

Gen. No. 37,986.

Opinion filed February 19, 1936.

LEDERER, LIVINGSTON, KAHN & ADLER, of Chicago, for appellant; SIGMUND LIVINGSTON and ARCHIE H. SIEGEL, of Chicago, of counsel.

SILBER, ISAACS, CLAUSEN & WOLEY, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

The appeal in this case is by the defendant from a judgment for the plaintiff for the recovery of possession of the property described in an action of forcible entry and detainer. This action was instituted in the municipal court of Chicago by the plaintiff against the defendant for the recovery of possession of premises

located at 6254 South Halsted street, Chicago, Illinois. Upon a trial of the issues, the court, without a jury, found the defendant guilty of unlawfully withholding possession of the premises, the subject of this litigation, from the plaintiff, and entered judgment for the plaintiff and against the defendant.

The plaintiff offered evidence of title in order to establish its right to the possession of the described premises, the documents being described as follows:

"On December 28, 1885, Nicholas Kutten and Elizabeth Kutten conveyed in fee simple to William Bromstedt a tract of land 75 feet along the west side of Halsted Street, commencing at the northwest corner of Halsted and Sixty-third Streets, and 139 feet from the corner, west on Sixty-third Street.

"On February 17, 1886, Edward Dryer and Augusta Dryer conveyed in fee simple to William Bromstedt, 40.9 feet on Halsted Street, directly north of the property conveyed by the Kutten deed to Bromstedt.

"On May 1, 1909, William Bromstedt leased the entire tract (containing as a part the premises here involved) to Robert A. Schoenfeld for fifteen years, ending April 30th, 1924, with an option to Schoenfeld to extend the lease for an additional ten years.

"Schoenfeld exercised the option referred to in the lease from Bromstedt, the effect of the exercise of the option being to carry his tenancy to April 30th, 1934.

"On February 4, 1919, Robert A. Schoenfeld leased the property to Musser, Lorenz and Company, for a term beginning May 1, 1919, and terminating April 30, 1934.

"On March 6, 1922, Bromstedt, as lessor, entered into a lease with George Lenz, Christoph H. Dehning, and Peter W. Meyn, for a term of ninety-nine years, commencing May 1, 1934.

"On August 13, 1927, Musser, Lorenz and Company assigned their lease from Schoenfeld to Daniel H.

Musser, Paul C. Lorenz, A. J. Korr, and Bertha Herman.

"On August 19, 1927, Daniel H. Musser, Paul C. Lorenz, A. J. Korr, and Bertha Herman leased the property to Albert Hoefeld, for a term commencing September 21, 1927, and expiring April 29, 1934.

"On November 8, 1927, a tri-partite agreement was entered into between George Lenz, Christoph H. Dehning, and Peter W. Meyn, as parties of the first part, the Chicago Title and Trust Company, as party of the second part, and Albert Hoefeld, as party of the third part. The agreement is set out in full at pages 15 to 26 of the abstract. Briefly summarized, it recited that Lenz, Dehning and Meyn were the owners of a ninety-nine year leasehold, beginning May 1, 1934, which Hoefeld agreed to purchase for $500,000.00, $125,000.00 down and the balance in installments, the last installment due April 30, 1934. Lenz, Dehning and Meyn assigned the leasehold to the Chicago Title and Trust Company, and the Chicago Title and Trust Company agreed upon the full and complete payment of the purchase price of $500,000.00 by Albert Hoefeld, to assign the leasehold estate to him. In the event of his failure to make the payments provided for in the agreement, the Chicago Title and Trust Company was to reassign the leasehold estate to Lenz, Dehning and Meyn. Time was expressly made of the essence of the agreement.

"On February 28, 1934, default having been made in payment of the installment due November 1, 1932, the Chicago Title and Trust Company, at the request of George Lenz, Christoph H. Dehning, and Peter W. Meyn, assigned, pursuant to the terms of the tri-partite agreement hereinbefore referred to, the leasehold to the Sixty-third and Halsted Realty Company, an Illinois corporation, the assignee of George Lenz, Christoph H. Dehning and Peter W. Meyn."

On April 29, 1934, Hoefeld, Inc. was in possession of the property involved as successor to the right to possession under the lease from Musser, Lorenz, Korr and Herman to Albert Hoefeld.

On May 1, 1934, the Sixty-third and Halsted Realty Company leased the property to Goldblatt Bros., Inc., for a term of five years, commencing May 1, 1934, with an option for extension for 94 years.

Evidence was offered on behalf of the defendant upon the issues in this case, that on April 24, 1934, Norman Hoefeld and Helen Pfaelzer, as assignees of Sadie Hoefeld, the widow of Albert Hoefeld, entered into a lease with Hoefeld, Inc., for a term beginning May 1, 1934, and ending April 30, 1935. The trial court sustained an objection to the offer of this lease, on the ground that the interests of Albert Hoefeld and those claiming under him, under the agreement of November 8, 1927, was terminated by the reassignment of the 99-year leasehold, on February 28, 1934, by the Chicago Title and Trust Company to the Sixty-third and Halsted Realty Company, as assignee.

The rule of law is well established that the question of title is not involved in an action of forcible entry and detainer. In a proceeding of this kind the right of possession to the property only is involved. A landlord upon the termination of the tenancy has the right to maintain forcible entry and detainer against the tenant or any person in possession under him who may hold over. For that reason a grantee of a lessor by express statute may maintain a forcible entry and detainer in his own name. By this same right he may terminate a tenancy for nonpayment of rent, and upon termination may proceed against the person in possession for an unlawful detention of the premises. If the tenant holding over claims to have title to the property, he cannot be permitted to assert it in this form of action, but he must restore possession to the plaintiff, the tenant of the landlord, and place this tenant

in *status quo,* and then in some proper proceeding assert his title. *Thomasson v. Wilson,* 146 Ill. 384.

It is proper to receive title documents offered in evidence by the plaintiff, not for the purpose of establishing title, but to show that the title was conveyed to the plaintiff by the grantor in possession. *Muller v. Balke,* 167 Ill. 150. But documents to show adverse title in the defendant in this form of action are not admissible in evidence. *Slate v. Eisenmeyer,* 94 Ill. 96.

In considering the facts, the defendant was in possession of the property in question after the expiration of a lease that expired on April 29, 1934. This lease under which the defendant occupied the premises was assigned to it by Albert Hoefeld, now deceased. The property was leased to Hoefeld by the grantors, Musser, Lorenz, Korr and Herman, for a term commencing September 21, 1927, and expiring April 29, 1934, and it was this assignment of the lease that conveyed the property here involved to Hoefeld, Inc., assignee.

It is not questioned that the Chicago Title and Trust Company was in possession of this property by the terms of the agreement dated November 8, 1927, and under its terms the right of possession was transferred by the Chicago Title and Trust Company, at the request of George Lenz, Christoph H. Dehning and Peter W. Meyn, to the Sixty-third and Halsted Realty Company, an Illinois corporation, the assignee of George Lenz, Christoph H. Dehning and Peter W. Meyn.

Thereafter the Sixty-third and Halsted Realty Company entered into a lease with the plaintiff in this action, as indicated in this opinion, and by this lease the right of possession was in the plaintiff, who was the proper party, as the grantee, to assert the right of possession, which from this record, the defendant was unlawfully withholding from the plaintiff.

The defendant contends that the Chicago Title and Trust Company, a party to the agreement dated November 8, 1927, was not empowered by this contract to assign the title; that by its terms this agreement was in effect an equitable mortgage; that the plaintiff in the instant case is without title, and cannot maintain this action. The fact is that the plaintiff is a lessee from the Sixty-third and Halsted Realty Company, and as tenant is a proper party to maintain this action of forcible entry and detainer against the defendant, who is now in possession and who is holding over after the termination of its lease.

The defendant's contention would require this court to consider the title and determine whether plaintiff's title to the property is such that it could maintain the action now here on appeal. If the defendant desires to maintain an action so as to assert title to this property, it must first restore possession to the plaintiff, and thereby put the plaintiff in *status quo,* and then in some appropriate action assert its title.

Sec. 14 of ch. 80, Ill. State Bar Stats. 1935, ¶ 14, Landlord and Tenant, has a material bearing on the question involved in this litigation. This section is as follows:

"The grantees of any demised lands, tenements, rents or other hereditaments, or of the reversion thereof, the assignees of the lessor of any demise, and the heirs and personal representatives of the lessor, grantee or assignee, shall have the same remedies by entry (,) action or otherwise, for the non-performance of any agreement in the lease, or for the recovery of any rent, or for the doing of any waste or other cause of forfeiture, as their grantor or lessor might have had if such reversion had remained in such lessor or grantor."

In construing this section of the statute, the Supreme Court in the case of *Barnes v. Northern Trust Co.,* 169 Ill. 112, said:

"We are of the opinion that the enactment of said section 14 dispenses with the necessity of an attornment, and abrogates the rule announced in *Fisher v. Deering, supra* (60 Ill. 114). It was so held by the Appellate Court for the Third District in *Howland v. White,* 48 Ill. App. 236, where it was said: 'All leases except leases at will may be assigned if there is no restriction in the lease itself (12 Am. & Eng. Ency. of Law, 1029), and the assignee of a lease is granted, by said section 14 of Chapter 80 of the Revised Statutes, the same remedies by action or otherwise for nonperformance of any agreement in the lease for the recovery of rent or other causes of forfeiture, as the lessor might have had while the owner of the lease; and attornment must, we think, be hereafter deemed unnecessary to vest the assignee of the lease with the full rights of his assignor, the original lessor.'

"In *Thomasson v. Wilson,* 146 Ill. 384, on the trial of an action of forcible entry and detainer before the court without a jury, the defendant submitted and asked the court to hold as the law of the case, certain propositions, which were refused; and the first of said refused propositions was as follows: 'The plaintiff cannot, as the devisee or grantee of the lessor Annestine Laddness, maintain this action without showing an attornment from said lessee, Annestine Laddness, to said plaintiff.' In that case, in commenting upon this refused instruction, we said: 'The court determined correctly in refusing to hold the first proposition submitted to be held as the law of the case, for the reason that the same right of entry, by action or otherwise, is given by the statute to the grantee of the lessor as the lessor might have had.' "

This section indicates clearly that the lessee, the plaintiff here, has the right to maintain this action of forcible entry and detainer against Hoefeld, Inc.

Other questions have been called to our attention, but in view of the conclusions reached by us it will not

be necessary to consider them. We are of the opinion that the plaintiff is entitled to judgment for possession, and that the trial court did not err in entering the judgment.

*Judgment affirmed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.