C. E. Layzod, Appellee, v. Harrison Martin and Mary Foster Martin, Appellants.

Heard in this court at the October term, 1939. Opinion filed March 9, 1940.

NEALY I. GLENN, of Benton, for appellants.

CURTIS E. SMITH and T. J. LAYMAN, both of Benton, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from the county court of Franklin county, in which the court found in favor of the appellee, C. E. Layzod (hereinafter called plaintiff), and against appellants, Harrison Martin and Mary Foster Martin (hereinafter called defendants) in an action under section 2 of the Forcible Entry and Detainer Act, ch. 57, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 109.264].

The case originated in the court of a justice of the peace and was instituted through the serving on defendants of a demand for immediate possession of the premises. A five-day demand for rent or possession was, likewise, served on defendants, but all proceedings under clause 4 of section 2 of the Forcible Entry

and Detainer Act hereinabove referred to, were abandoned, and the cause proceeded under the second clause of section 2 of such Forcible Entry and Detainer Act.

In the justice court a judgment was rendered in favor of defendants, and the cause was then appealed to the county court of Franklin county where it was tried by the court without a jury. The court there found the issues in favor of plaintiff for possession of the premises. Motion for new trial on behalf of defendants was overruled, and judgment was entered against defendants for possession and for costs of suit.

Defendants contend, among other grounds, that the court below erred in excluding exhibits offered on behalf of defendants, one of which was a warranty deed (subject to a first mortgage), showing that one of the defendants, Mrs. Martin, had entered into possession of the premises pursuant to such deed; and the other exhibit, being a record of payments to the mortgagee of the premises after the delivery of such deed, and while such defendant was in possession of the premises with her former husband. Defendants, likewise, contend that the evidence does not sustain the findings of the court for a number of specific reasons. Certain misconceptions as to the function of title documents in a hearing of this character, as well as of the nature of the evidence presented at the hearing, apparently motivated the parties in the hearing below.

The evidence below simply showed that the plaintiff had obtained a deed from a third party, who was not in any manner connected with the paramount source of title, and who was not shown to have been in possession either personally or through any predecessor in title, and who, so far as shown by the evidence, may have been a stranger or volunteer who was not entitled to possession as against anyone.

Actions under the Forcible Entry and Detainer Act hereinabove referred to, are purely statutory, and must be pursued in accordance with the provisions of the act. A right of action exists under the second clause of section 2 of the act ''when a peaceable entry is made and possession unlawfully withheld.'' This language has been construed to mean that a peaceable entry must have been made upon the premises in the actual possession of either the plaintiff, or of those to whose rights he has succeeded, and the possession must thereafter be unlawfully withheld after demand (*West Side Trust & Savings Bank v. Lopoten,* 358 Ill. 631; *Fitzgerald v. Quinn,* 165 Ill. 354; *Kaufman v. Miller,* 214 Ill. App. 236).

We have searched the record and fail to find any evidence which tends to connect the title, or right of possession of plaintiff with the title of the mortgagee, or of any person who had been in actual possession or entitled to possession as against defendants. There is an assertion in the brief of plaintiff, and in a recital by the court below in its written opinion, that the plaintiff is a remote grantee of the mortgagee, but there is no evidence in the record of any character which tends to sustain such finding or conclusion. Perhaps the plaintiff on retrial may be able to establish that he is a successor in interest to the mortgagee, who may have had a right of entry for condition broken (*West Side Trust & Savings Bank v. Lopoten, supra*), but there is no such showing in the record.

The mere taking of a deed from a third person, without evidence showing title or possession in such third person, does not establish title or right of possession in the plaintiff (*McGowan v. Glos,* 258 Ill. 217, 219). Title documents may be received in evidence to show that title was conveyed to a plaintiff by a grantor in possession (*Goldblatt Bros., Inc. v. Hoefeld, Inc.,* 284 Ill. App. 31), but if the right to possession of the premises as between the parties to the action can

only be determined by adjudicating the title thereto, then the appropriate action would be ejectment (*Kaufman v. Miller, supra,* at 241). If, however, title documents, or other evidence, tend to establish clearly a right in a plaintiff, to possession as against a defendant, or to clarify the rights of the parties under the act, without requiring the determination of contradictory title claims, they should be considered in such proceeding. If the evidence would tend to show that plaintiff is a remote grantee of the purchaser at a sale pursuant to foreclosure of a mortgage on the premises, then the right to possession may be adjudicated in this proceeding.

In the instant case there was no evidence to sustain the conclusion of the court that plaintiff (who received a deed from a third party who was in no way connected with the title or right to possession), has the right to maintain the action under the act. If plaintiff had established his connection with the title of the purchaser at a foreclosure sale, or of some other person entitled to possession of the premises, then a judgment in his favor would have been sustained.

Under the circumstances, there being insufficient evidence to sustain the right of plaintiff to maintain his action under the Forcible Entry and Detainer Act, the judgment of the county court of Franklin county will be reversed, and this action remanded to such court for a new trial and further proceedings in this cause not inconsistent with this opinion.

The judgment of the county court of Franklin county is, therefore, reversed, and this cause is remanded to such court.

*Reversed and remanded.*