48 So.2d 306

### STEPHENSON v. THOMPSON.

6 Div. 43.

Supreme Court of Alabama.

Oct. 12, 1950.

250

Fite & Fite, of Jasper, for appellee.

FOSTER, Justice.

This suit was begun by appellant in the court of a justice of the peace for forcible entry and detainer under section 966, Title 7, Code. Defendant caused a removal of it to the circuit court under section 987, Title 7, Code, upon a petition alleging in substance that he entered on the land peaceably and under claim of title and bona fide desires to contest the title. In the circuit court it was tried without a jury. Plaintiff undertook to prove that defendant entered by the use of force. The trial court found against plaintiff's contention as to force and proceeded to hear and determine the ownership of the land. It is a strip on the boundary line of their respective tracts.

The evidence without dispute showed that plaintiff's father, M. M. Stephenson, on January 20, 1928 owned, together with other land, the NW ¼ of SE ¼ of section 17, Township 15 S, Range 7 W, in Walker County and a part of the SW ¼ of SE ¼ of the same section, township and range. He made a conveyance on that day to plaintiff of land described as follows: "Beginning at the SW corner of the SW ¼ of SE ¼ of section 17, Township 15 S, Range 7 W, and run north to a point opposite the mouth of a ditch at the north end of what is known as the Devil's Garden thence east one-fourth mile to land line, thence south to a certain red oak tree which is the present corner between J. L. Stephenson, M. M. Stephenson and W. R. Thompson, thence west to North Alabama Railroad, thence in southernly direction along said railroad to section line, thence west to point of beginning." Plaintiff already owned the balance of the SW ¼ of SE ¼. This deed left in M. M. Stephenson ownership of the N ½ of NW ¼ of SE ¼ of same section, township and range.

A survey of the land made July 9, 1947 made a part of the record, illustrates the nature of the conveyance. This will be shown in the report of the case, appearing between pages 50 and 51 of the record. From that survey it is not difficult to understand the situation. The point opposite the mouth of the ditch at the north end of Devil's Garden is practically half way between the northwest corner and southwest corner of NW ¼ of SE ¼ of section 17, Township 15, S, Range 7 W. That point is the northwest corner of the property conveyed to plaintiff, above mentioned. The

north line of the property conveyed extends from that point east to the east line of the forty. The effect of the deed is to convey a tract south of a line extending east and west approximately in the center of the NW ¼ of SE ¼, above mentioned. The course of that line was then in the woods. M. M. Stephenson was dead at the time of the trial.

■ Plaintiff testified, over objection made under the dead man's statute, section 433, Title 7, Code, that when his father conveyed to him the land in 1928, supra, they marked out the north line and agreed on it. This evidence contravened section 433, Title 7, supra. Niehuss v. Ford, 251 Ala. 529, 38 So.2d 484. The objection was overruled, so that it was given due consideration by the court, which was favorable to appellant. The land had not then been surveyed. Plaintiff put up a wire fence extending from the mouth of the ditch through the woods, along the line he says they agreed upon, by tacking the wire to trees in an irregular course so as to use the trees as posts. It developed later that this was not the true line, but that at the east end of it the point was 265 feet north of the true point under the description.

On August 10, 1946, this plaintiff, as executor of his father's will and by its authority, sold to one Hallman and conveyed to him a part of the NW ¼ of SE ¼, supra, lying north of the J. L. Stephenson land, described as follows: "Begin at the NW corner of the NW ¼ of SE ¼ and run east one-fourth mile, thence south 660 feet more or less to the NE corner of the J. L. Stephenson lands, thence run west one-fourth mile to the west boundary line of the forty, thence north to the point of beginning," in section 17, Township 15, S, Range 7 W. (We observe that an eighth of a mile or half of a quarter is 660 feet.) Defendant claims by deed from Hallman using that description.

If the east line as there described extended 660 feet it reached approximately the SE corner of the North half of NW ¼ of SE ¼, so as to push plaintiff's land line south of the wire fence on the east 265 feet and embrace the land here in controversy The

survey showed the half of that quarter line to be 663.2 feet.

Someone went upon the land, about 1947, and removed the wire fencing tacked to the trees and put up another fence, in approximately the center of the forty on the line as surveyed. Whether it was the defendant who did that is uncertain from the testimony. The trial court does not distinctly find whether or not defendant did it, but held that this was not such force as the statute contemplates. Section 966, Title 7, Code. In that connection the court found as follows: "The court is of the opinion the case should not be tried on the question of forcible entry if the evidence does not show that such force was used in obtaining possession of the land by the defendant as is contemplated by the statute, and such force was not used as the term 'force' is defined in the statute under forcible entry or the cases cited in the Code."

Appellant also contends that by reason of the agreement and understanding he had with his father when the deed was made to him, and his possession since then up to the fence, he has acquired title to the triangular strip of land in question by adverse possession.

Appellee claims that the evidence does not show possession of such sort as to be adverse in contemplation of the law.

■ Reverting to those contentions, the first is that appellee entered upon the land by force as defined in section 966, Title 7, Code. Therefore, he should not have a judgment in his favor under section 989, Title 7, Code, without regard to the merits of his title. Breaking a fence enclosing land and entering it in that way is a forcible entry, though there is no violence or threatened breach of the peace. Brown v. French, 148 Ala. 272, 42 So. 409; Mallon v. Moog, 121 Ala. 303, 25 So. 583.

■ But the evidence is not clear that this was done by defendant, or by his direction, and the trial court did not so find as we interpret the opinion. The title was tried on its merits and, in the absence of evidence that defendant used the force required by law, we should review the find-

ings as to the merits of the title. Section 989, Title 7, Code.

Appellant contends that his possession to the wire tacked to the trees through the woods as a pasture fence was adverse under an agreement with his father, to which we have referred. This presents a situation in that respect quite similar to the case of Smith v. Cook, 220 Ala. 338, 124 So. 898. A similar claim was made of an agreement as to the land line. The facts in that case, as stated on 220 Ala. page 341, 124 So. page 901, are similar to those here involved in all material respects. The discussion in it therefore has equal application here. Further comment is not necessary to sustain the trial court in holding against appellant on his claim of adverse possession. He has no other substantial claim of right.

We base our concurrence in the conclusion reached by the trial court on the fact that appellant's only claim to the disputed land is by adverse possession and he has not proved that. The judgment is affirmed.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.