Frank William Urbach and Genevieve Urbach, Appellees, v. Alonzo Green and Marjorie Green, Appellants.

Gen. No. 47,126.

First District, First Division.
October 21, 1957.
Released for publication December 5, 1957.

 █
 █

Prescott, Burroughs, Taylor & Carey, of Chicago (A. M. Burroughs, of counsel) for appellants.

James C. Spangler and Erwin H. Greenberg, of Chicago (Erwin H. Greenberg, of counsel) for plaintiffs-appellees.

PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

██ This is an appeal from a judgment in favor of plaintiffs in a forcible detainer suit. The primary issue is whether a controversy over title is involved and whether such a controversy can be litigated in this suit. The action is brought by the occupants of the second apartment against the occupants of the first apartment of a two apartment building. Judgment was entered on the pleadings and hence for our purpose the material facts set forth in defendants' pleadings must be taken as admitted.

Plaintiffs claim by virtue of a deed dated June 8, 1955, executed by the LaSalle National Bank as trustee under a trust created by one Jesse Waller, the then owner of the property. The terms of the trust instrument are not disclosed. The deed in question was recorded the same day and a Torrens Certificate of Title issued certifying ownership of the premises in plaintiffs as joint tenants. Defendants also derived their claim through Waller. Plaintiffs had notice of defendants' claim. It appears that the building was offered as a prize to the winner of a raffle conducted under the auspices of the Negro Welfare & Social Workers League of America in November 1948. The League received possession from Waller and delivered it to defendants as winner of the raffle. Waller concurred

187

in delivery of possession to defendants but did not execute a deed to them, as a controversy arose over the proceeds of the raffle. However, he promised defendants that if they would pay $100 a month on the mortgage indebtedness against the premises, he would convey title to them when the mortgage was paid off. In accordance with that promise defendants paid $5,300—$3,600 in 1948, 1949 and 1950 in $100 installments, and $1,700 which was deposited with the Clerk of the Superior Court of Cook county in June 1951 in connection with litigation in that court over the transaction in question. The suit in the Superior Court was brought by defendants in 1951. In the same year Waller sued defendants in the Municipal Court of Chicago for possession. The Municipal Court transferred that case to the Superior Court, where it was consolidated with the chancery suit. The consolidated suit is still pending. Defendants sought to have the Municipal Court take the same action with respect to the instant case as the court had previously taken in the forcible detainer suit commenced by Waller, but the court refused to do so.

 Only the right to possession may be litigated in a forcible detainer suit. Saxmann v. Allen, 410 Ill. 31, 101 N.E.2d 69 (1951); Layzod v. Martin, 305 Ill. App. 1, 26 N.E.2d 423, 425 (1940); Hardisty v. Glenn, 32 Ill. 62 (1863); Dudley v. Lee, 39 Ill. 339 (1866); Goldblatt Bros. v. Hoefeld, 284 Ill. App. 31, 1 N.E.2d 573 (1936); Kaufman v. Miller, 214 Ill. App. 236 (1919). Title documents may be received in evidence to disclose right of possession on the part of a plaintiff. Goldblatt Bros. v. Hoefeld, supra. Where, however, it appears that there is a serious contest with respect to title and the right to possession derived therefrom, the issue cannot be tried in a forcible detainer action.

 We are not passing upon plaintiffs' contention that the origin of defendants' claim was an illegal

188

gambling transaction. Defendants' claim is based not alone on that, but also upon their being placed in possession by Waller and the promise of a conveyance to them upon payment of the mortgage indebtedness. Nor are we passing upon plaintiffs' argument that defendants, being the holders of an unregistered claim, cannot defeat the registered claim of ownership. These are questions which cannot be decided in a forcible detainer action. In our opinion the trial court in the exercise of a sound discretion should have done what was done by the same court in the first forcible detainer action, that is, transfer the case to the Superior Court for consolidation with the chancery proceeding.

The judgment is reversed and the cause is remanded with directions to take such further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

McCORMICK and ROBSON, JJ., concur.