CHESTER O. HALE *et al.*, Plaintiffs-Appellants, *v.* LULA L. AULT *et al.*, Defendants-Appellees.

Third District   No. 76-299

Opinion filed June 14, 1977.—Modified on denial of rehearing August 25, 1977.

Dan A. Ribble, of Long, Schrager & Phares Assoc., of East Moline, for appellants.

Richard L. Whitman, of Kritzer, Stansell & Critser, of Monmouth, for appellees.

Mr. JUSTICE GREEN delivered the opinion of this court:

Plaintiffs Chester O. Hale and Genevieve A. Hale obtained a judgment for the possession of real estate and for issuance of a writ of restitution against defendants Lula L. Ault and Russell F. Ault in an action in forcible entry and detainer brought in the Circuit Court of Warren County under the provisions of "An Act in regard to forcible entry and detainer" (Ill. Rev. Stat. 1973, ch. 57, par. 1 *et seq.*). Defendants then filed a petition in that court pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) seeking to have the judgment vacated on the grounds that the court had lacked subject matter jurisdiction to enter the judgment. After a hearing on the petition, the trial court set aside the judgment. Plaintiffs appeal.

The section 72 petition was not supported by affidavit and no evidence was presented at the hearing on the petition. The parties do not dispute that plaintiffs' complaint in forcible entry and detainer was before the court for the hearing on the petition. That complaint alleged that defendants had forcibly taken possession of the real estate in dispute. It also stated that plaintiffs were the assignees of the purchasers under an installment contract for sale of the real estate. Defendants were the successors in interest of the sellers. The contract was attached to the complaint. It contained a provision giving the sellers the right to forfeit, under certain conditions, the purchasers' rights under the contract if the required payments were not made. Also, undisputedly before the court at the hearing on the petition, was a memorandum of the trial judge who had presided at the forcible entry and detainer trial. The memo stated that the judge found the sole issue at that trial to be whether the defendants had given proper notice to plaintiffs to forfeit plaintiffs' rights under the contract of sale.

The rationale of the trial court in granting the section 72 relief and defendants' arguments on appeal are based upon the following legal premises: (a) in a forcible entry and detainer action, the court sits as a court of special and limited jurisdiction possessed only of the powers given it by the legislation creating the remedy; (b) when such a court acts outside that jurisdiction, its judgment is void; and (c) if title must necessarily be decided in a forcible entry and detainer case in order to decide the right to possession, the court lacks jurisdiction to decide the right to possession and any judgment attempting to do so is void and subject to collateral attack. We do not need to pass upon the validity of premises (a) and (b) in order to reach a decision. Many opinions have stated those principles. We deem it important, however, to caution that those principles may need to be reexamined in the light of changes that

have occurred because of the enactment of the amendment to the Judicial Article of the Illinois Constitution which became effective for most purposes January 1, 1964, and the adoption of the Illinois Constitution of 1970. We no longer have trial courts of special and limited jurisdiction. Prior to January 1, 1964, circuit courts had "original jurisdiction of all cases in law and equity." (Ill. Const. 1870, art. VI, §12.) Now circuit courts have "original jurisdiction of all justiciable matters" (Ill. Const. 1970, art. VI, §9) excepting those concerning redistricting of the General Assembly and the disability of the Governor. Recently in the case of *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, in ruling that the subject matter jurisdiction of the circuit court in criminal cases arises from the constitution and not from the charge, the Supreme Court indicated that the conception of subject matter jurisdiction has changed.

Our decision, however, is based upon our disagreement with both the applicability and validity of premise (c). In support of the premise defendants cite *Kaufman v. Miller* (1919), 214 Ill. App. 236; *Layzod v. Martin* (1940), 305 Ill. App. 1, 26 N.E.2d 423; and *Urbach v. Green* (1957), 15 Ill. App. 2d 186, 145 N.E.2d 808. The instant case concerns a collateral attack upon a judgment for possession entered in an action in forcible entry and detainer. Each of those cases involved a direct appeal from such a judgment. In *Kaufman v. Miller* the appellate court reversed and remanded because the trial court had improperly considered a disputed question of title in determining whether plaintiff was entitled to possession. In *Layzod v. Martin* the court ruled that plaintiff's proof of entitlement to possession was inadequate because it depended on a deed from a third person without showing any title or right to possession in that person. The court stated that title documents could be considered to determine the right to possession but that ejectment would be the proper remedy if proof of right to possession could be made only after a determination of a dispute as to who held title. The court reversed and remanded for a new trial. In *Urbach v. Green* the appeal was from an order of the Municipal Court of Chicago which had awarded possession after considering some complicated questions of title. The court stated:

> "Where, however, it appears that there is a serious contest with respect to title and the right to possession derived therefrom, the issue cannot be tried in a forcible detainer action.
>
> \* \* \* In our opinion the trial court in the exercise of a sound discretion should have done what was done by the same court in the first forcible detainer action, that is, transfer the case to the Superior Court for consolidation with the chancery proceeding."
>
> 15 Ill. App. 2d 186, 188-89, 145 N.E.2d 808, 810.

■■ "Jurisdiction" when the term is used in the sense of describing the power of the court to render a judgment not subject to collateral

attack does not depend upon an exercise of discretion by the court. In each of the cited cases, the reviewing court was ruling that the actions of the trial court were in error and not that the trial court rendered a void judgment. Here the action brought was in forcible entry and detainer and the relief sought and obtained was an order for possession, the very type of relief for which the remedy of forcible entry and detainer was designed. It would seem clear that neither the consideration of improper evidence nor an improper reason for a ruling even in a forcible entry and detainer case would make the judgment subject to collateral attack. We are unaware of any case that makes a judgment in any type of proceeding void for this reason.

Since we determine that the judgment for possession is not subject to collateral attack, we deem the ruling on the section 72 petition vacating that judgment to be error. The latter judgment is reversed and the case is remanded to the Circuit Court of Warren County with directions to reinstate the judgment in favor of plaintiffs for possession and to order the issuance of a writ of restitution.

Reversed and remanded.

CRAVEN, P. J., and HUNT, J., concur.