In re MONICA DRAGOO et al., Minors.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. JACK McELFRESH, Respondent-Appellant.)— In re MONICA DRAGOO et al., Minors.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. RAMONA McELFRESH, Respondent-Appellant.)

Fourth District  Nos. 16889, 16900 cons.

Opinion filed June 9, 1981.

R. C. Lanto, Jr., of Waaler, Evans & Gordon, and Paul R. Wilson, of Turnbow, Behnke & Wilson, P. C., both of Rantoul, for appellant.

James R. Benson, State's Attorney, and Harold Andrew, both of Paxton, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Respondents, Ramona McElfresh and Jack McElfresh, appeal a decree of the circuit court of Ford County entered December 9, 1980, terminating their parental rights to Monica Dragoo and Dwight Eugene Dragoo, their minor children, and appointing a guardian with power to consent to the adoption of the children. They assert the supplemental petition upon which the decree was based was fatally defective because it failed to: (1) specify sufficient facts upon which they could prepare a defense; (2) state that it was in the children's best interests that such a guardian be appointed; (3) pray that the trial court find the parents unfit; and (4) have proper verification. Respondents maintain that the foregoing claimed defects were sufficient to deprive the trial court of subject matter jurisdiction. We disagree.

Although objections similar to respondents' claims of error had been raised as to earlier pleadings, none were raised by motions attacking the sufficiency of the supplemental petition upon which the decree was entered. However, if the claimed defects deprived the trial court of jurisdiction as claimed, they could be raised at any time. Additionally, more serious defects may often be raised for the first time on appeal.

The claim that the trial court lacked jurisdiction is based on *Zook v. Spannaus* (1966), 34 Ill. 2d 612, 217 N.E.2d 789, where the supreme court held a prior order of a circuit court appointing a guardian with power to consent to adoption of children to have been subject to collateral attack in a *habeas corpus* proceeding in the same court because of defects in the order appointing the guardian. The court noted that the petition upon

which the order was based did not contain a request for appointment of a guardian with power to consent to adoption although that was a statutory requisite of such a petition. The court then held that the failure of the order to find the best interests of the children to be served by the appointment of such a guardian and a near relative consented to the order or near relatives were unfit deprived the court issuing the order of subject matter jurisdiction and rendered the order void. The foregoing findings were statutory requirements where the children had been orphaned.

■■ Under article VI, section 12, of the Illinois Constitution of 1870, circuit courts had "original jurisdiction of all cases in law and equity." Now the jurisdiction of circuit courts is, with minor exceptions, not relevant here, "of all justiciable matters." (Ill. Const. 1970, art. VI, §9.) By virtue of the Judicial Amendment of 1964 (Ill. Const. 1870, art. VI (1964), §9), a substantially similar provision was in effect at all times pertinent in *Zook*. Later in *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, the supreme court indicated that because of the foregoing constitutional change, the subject matter jurisdiction of the circuit court over a case was not dependent upon the allegations of the charge or complaint. (See *Hale v. Ault* (1977), 51 Ill. App. 3d 634, 367 N.E.2d 93.) As all of respondents' jurisdictional claims involve the sufficiency of the complaint, we conclude for that reason alone that the claims are not meritorious.

We next consider the question of whether the claimed defects in the supplemental petition, although not depriving the court of jurisdiction and not raised by motion attacking the supplemental petition upon which the decree was based, nevertheless constituted reversible error.

In *In re Rauch* (1977), 45 Ill. App. 3d 784, 359 N.E.2d 894, parents appealed a similar order in a juvenile proceeding declaring them to be unfit parents, terminating their parental rights and appointing a guardian with power to consent to adoption. The appellate court held the combined effect of section 9.1—5(B)(j) of the Adoption Act (Ill. Rev. Stat. 1975, ch. 4, par. 9.1—5(B)(j)) and section 5—9 of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 705—9) was to require a petition for the foregoing relief to allege that any nonconsenting parent was "an unfit parent" and to set forth "the ground therefore" as provided in section 9.1—5(B)(j) of the Adoption Act although the Juvenile Court Act had no express provision so stating. The failure of the petition before it to have contained either of those allegations was held to be a sufficiently severe error to permit the raising of the point for the first time on appeal. The court then reversed because of the failure of the petition to state a cause of action.

In *In re Westland* (1976), 48 Ill. App. 3d 172, 362 N.E.2d 1153, the petition in a case like *Rauch* had defects which were much the same. We reversed a decree making an appointment of a similar guardian because

of error in the admission of evidence. We also note that no finding of the unfitness of the mother had been made and, citing *Rauch*, stated that the petition should not only have alleged the unfitness of the parent but also have set forth the grounds of unfitness with particularity. We did not intend to indicate there that pleading with particularity required more than setting forth the specific statutory grounds of unfitness. We did not intend to require allegation of the particular acts or omissions which together constituted the specified statutory grounds of unfitness. The allegations of unfitness in the supplemental petition met that requirement. They were far different from those in *Rauch* or *Westland* and sufficient to support the petition even if objected to by timely motion.

■■ The amended petition upon which the case was heard failed to comply with the statutory provision that it must allege it to be in the best interest of the minor that the guardian with power to consent to adoption be appointed. No case has been called to our attention holding a lack of such an allegation to deprive the court of jurisdiction or to be error raisable for the first time on appeal. It is the type of deficiency which has traditionally been deemed to be not jurisdictional and one which must be first raised in the trial court where the defect might be remedied. (*People ex rel. Baumgarten v. Krueger* (1929), 253 Ill. App. 372.) The court made a finding that the best interests of the minors would be served by the appointment of the guardian with the power to consent and the evidence supported the finding. The other allegations of the supplemental petition implied that the best interests of the minors would be served by the guardian's appointment. Our determination that the decree was proper has some analogy to the doctrine of aider by verdict. *Lasko v. Meier* (1946), 394 Ill. 71, 67 N.E.2d 162.

The supplemental petition did not pray that the parents be found to be unfit, but no requirement exists that such request is required.

The supplemental petition began by stating: "Rebecca Jones, on oath state [*sic*] on information and belief." It was signed by Rebecca Jones, contained the signature and seal of a notary public who attested that the document was "[S]igned and sworn to before" her on a particular date. Section 4—1(2) of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 704—1(2)) provides that such petition "shall be verified but the statements may be made on information and belief." The amended petition upon which the appealed order was entered satisfied that foregoing statutory requirement.

The decision of the trial court is affirmed.

Affirmed.

WEBBER and MILLS, JJ., concur.